UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **9:2018-cv-80078 DIMITROULEAS/MATTHEWMAN**
STATE CASE NO.: 502007CA013909XXXX

CITY OF LAKE WORTH, Florida A
Florida Municipal Corporation,
        Plaintiff(s),
vs.

CHARLOTTE TAYLOR
AND MICHAEL M. PHILLIPS,
        Defendant(s)

## DEFENDANT, CHARLOTTE TAYLOR'S NOTICE OF REMOVAL

Charlotte Taylor is a Defendant in a PENDING civil action brought against her in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby gives notice of the removal to this Court of the case styled, City Of Lake Worth, Florida A Florida Municipal Corporation v. Charlotte Taylor And Michael M. Phillips, in Case No. 502007CA013909XXXX. As grounds for this removal on federal question jurisdiction appears on the face of the record, in support of the notice, Defendant states the following:

1.     **Charlotte Taylor** is a Defendant in a civil action brought against her in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled City Of Lake Worth, Florida A Florida Municipal Corporation v. Charlotte Taylor And Michael M. Phillips, Case No.

Page 1 of 13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

502007CA013909. In accordance with 28 U.S.C. § 1446(a), a copy of the docket, all process, pleadings and orders received by Defendants are attached as Exhibit A.

2. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendant Charlotte Taylor herein, pursuant to 28 U.S.C. §§1441 and 1446, in that:

    A. 28 U.S.C. § 1446(b) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

    B. It is a civil action in which the amount in controversy will exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3. **CHARLOTTE TAYLOR HAS STANDING PURSUANT TO THE FOLLOWING:**

> "...It is well established that a credible threat of present or future criminal prosecution will confer standing. *See, e.g., Virginia v. Am. Booksellers Ass'n, Inc.,* 484 U.S. 383, 392-93, 108 S. Ct. 636, 98 L.Ed.2d 782 (1988) (holding that the injury-in-fact requirement was met, in part, because "plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them"); *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S. Ct. 1209, 39 L.Ed.2d 505 (1974) ( "[I]t is not necessary that [a party] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."); *Doe v. Bolton,* 410

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

U.S. 179, 188-89, 93 S. Ct. 739, 35 L.Ed.2d 201 (1973). This is because a credible threat of present or future prosecution is an injury sufficient to confer standing, even if there is no history of past enforcement, see *Bolton,* 410 U.S. at 188, 93 S. Ct. 739, and a speaker who fears prosecution may engage in self-censorship, which is itself another injury, see *Am. Booksellers,* 484 U:S. at 392, 108 S. Ct. 636 ("[T]he alleged danger of [the challenged] statute is, in large measure, one of self-censorship."); see also *Ashcroft v. ACLU,* 542 U.S. 656, 670-71, 124 S. Ct. 2783, 159 L.Ed.2d 690 (2004) ("Where a prosecution is a likely possibility ... speakers may self-censor rather than risk the perils of trial. There is a potential for extraordinary harm and a serious chill upon protected speech.").

See also *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128-129, 127 S. Ct. 764, 166 L.Ed.2d 604 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat--for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction."); *Ellis v. Dyson,* 421 U.S. 426, 432, 95 S. Ct. 1691, 44 L.Ed.2d 274 (1975)("[F]ederal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied.").

**For the same reasons, because the plaintiff is still exposed to prosecution under the statute, the panel held that the plaintiff's standing still exists and the case is not moot. See *Rangra,* 566 F.3d at 520; *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22, 117 S. Ct. 1055, 137 L.Ed.2d 170 (1997) (a case is not moot where "~[t]he requisite personal interest that must exist at the commencement of the litigation [to give rise to standing] continue[s] throughout its existence."'(quoting *u.s. Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S. Ct. 1202, 63 L.Ed.2d 479 (1980»); see also *Steffel,* 415 U.S. at 459, 94 S. Ct. at 1215-16 <u>(holding that "alleged threats cannot be characterized as 'imaginary or speculative'" where petitioner was warned that continued exercise of his constitutional rights would result in</u>**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**prosecution and petitioner's companion was prosecuted for engaging in the same conduct (quoting *Younger v. Harris*, *401* U.S. 37, 41, 91 S. Ct. 746, 749,27 L.Ed.2d 669 (1971); *Poe v. Ullman*, 367 U.S. 497,508,81 S. Ct. 1752, 1758-1759,6 L.Ed.2d 989 (1961»).**

4. **JURISDICTION:** This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorney's fees pursuant to 42 U.S.C. §1988. Defendant, Charlotte Taylor further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by the other parties, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City Of Lake Worth, a municipality of the State of Florida.

### Removal Is Timely Pursuant To 28 U.S.C. § 1446(b)

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6. Defendant City Of Lake Worth **purchased the tax deed on May 27, 2014** for:

   **ADD 1 TO TOWN OF LAKE WORTH LT 14 BLK 48**

   **WITH Property Identification Number: 38-43-44-27-01-048-0140.**

   Page 4 of 13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

7. Defendant Michael M. Phillips received a copy of the initial pleading captioned "Complaint" by process server on September 25, 2007 at 7730 N.W. 50 Street Apt. 107, Lauderhill, FL 33351. Defendant Charlotte Taylor received a copy of the initial pleading captioned "Complaint" by process server on March 10, 2008 at the Palm Beach County Courthouse, hallway in front of Room 11A, West Palm Beach, FL.

8. On November 25, 2014 the trial court GRANTED defendant Charlotte Taylor's Motion To Dismiss with Prejudice due to the sale of property filed by her on June 2, 2014 [DE 624].

9. The case was dismissed as moot and the order was recorded in Book 27194 Page 206 [DE 624].

10. The trial court vacated the foregoing and entered "Order Granting Plaintiff, City of Lake Worth's Motion To Vacate Dismissal With Prejudice [DE 710].

11. On December 21, 2017 the clerk entered a "DO NOT DOCKET ON THIS CASE" as [DE 717] of the State Court Docket] in pending Case No. 2007CA03909 in violation of Charlotte Taylor's right to access to the court, right to file papers in a pending case and in violation of 28 U.S.C. 1654.

12. Charlotte Taylor is indigent, cannot afford attorney and has NO means to appear before the court in this pending case.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

13. 28 U.S.C. § 1446(b) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. The removal of this action to this Court is timely under 28 U.S.C. § 1446 because this Notice of Removal is filed within thirty (30) days after December 21, 2017, which is the date Defendant, Charlotte Taylor first ascertained that the case is one which is or has become removable.

15. The United States District Court for the Southern District Of Florida is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### Federal Question(s) Exists
### Constitutional and Statutory Basis for Federal Question Jurisdiction

16. Federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

17. To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

18. Because of violation(s) of 28 U.S.C. 1654, U.S. Constitution Article I Section 10 and 11 U.S. Code § 505 claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

19. City of Lake Worth violated Charlotte Taylor's rights Under U.S. Constitution Article I Section 10 by impairing the Obligation of Contract between Charlotte Taylor and Michael Phillips.

20. Michael Phillips is the judgment debtor of Charlotte Taylor.

21. Charlotte Taylor's judgment against Michael Phillips is recorded with the State of Florida with Judgment lien number J02000087415 and recorded in Order Book 11250 Page 412 on July 23, 1999 and Order Book 11319 Page 1861 on August 27, 1999.

22. City Of Lake Worth, a municipality of the State of Florida does NOT have a judgment against **Michael Phillips.**

23. City Of Lake Worth, a municipality of the State of Florida does NOT have a judgment against **Charlotte Taylor.**

24. Defendant City Of Lake Worth **purchased the tax deed on May 27, 2014** for:

    **ADD 1 TO TOWN OF LAKE WORTH LT 14 BLK 48**

    **WITH Property Identification Number: 38-43-44-27-01-048-0140.**

25. Michael Phillips filed a Petition for relief under Chapter 7 of the U.S.C. in the United States Bankruptcy Court for the Southern District of Florida which bears the case number 01-31381-BKC-SHF.

26. Michael Phillips filed the Petition on **March 22, 2001**.

27. Palm Beach County, Florida did not file a claim under 11 U.S. Code § 505 - for the court to determine the liability of Michael Phillips in his bankruptcy case number 01-31381-BKC-SHF for the court to determine what amount if any was owed to Palm Beach County, Florida.

28. City Of Lake Worth, a municipality of the State of Florida did not file a claim under 11 U.S. Code § 505 - for the court to determine the liability of

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Michael Phillips in his bankruptcy case number 01-31381-BKC-SHF to have the determination of the amount if any was owed to City Of Lake Worth.

29. A bankruptcy court has authority to determine the amount of liability Michael Phillips owes if any and notwithstanding Michael Phillips's failure to comply with state law procedures. See, e.g., In re AWB Associates, 144 B.R. at 277; In re 499 W. Warren Street, 143 B.R. at 329; In re Ledgemere, 135 B.R. at 196.

30. Section 505 of the Bankruptcy Code was enacted to protect Charlotte Taylor "from the dissipation of Michael Phillips estate's assets which results if Charlotte Taylor is bound by a governmental judgment against Michael Phillips as her judgment debtor, due to his ailing condition, which he failed to contest." In re AWB Associates, 144 B.R. at 277, citing In re Galvano, 116 B.R. 367, 372 (Bankr.E.D.N.Y.1990). **In re PIPER AIRCRAFT CORPORATION, Debtor, 171 B.R. 415 (August 31, 1994) United States Bankruptcy Court, S.D. Florida, Palm Beach Division.**

31. Section 197.582 of the Florida Statutes Unconstitutionally denies due process in violation of the US Constitution by depriving Charlotte Taylor of property without due process of law.

32. Section 197.582 of the Florida Statutes denies Charlotte Taylor equal protection of the laws guaranteed under the United States Constitution without requiring the City of Lake Worth to comply 11 U.S. Code § 505.

### The Amount in Controversy Exceeds $75,000.00

33. The matter in controversy will exceed the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

34. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. See Stramel v. GE Capital Small Bus. Fin. Corp., 955 F. Supp. 65, 68 (E.D.Tex.1997); 28 U.S.C.A. § 1446(b).

35. City Of Lake Worth, a municipality of the State of Florida has represented to the court that the City Of Lake Worth claims bills to date amount to **$ 1,043,493.09**.

36. In this case, the Plaintiff is alleging that as a result of alleged liens subject to the City of Lake Worth's **claims** its is required to sue Charlotte Taylor and Michael M. Phillips.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

37. The City of Lake Worth alleges that Michael M. Phillip's **bankruptcy case was immaterial and irrelevant.**

38. Charlotte Taylor cannot produce all the material and relevant records with her Notice of Removal. However should the Court need to review the actual records to determine whether subject matter jurisdiction exists, the undersigned will provide such documentation to the Court.

39. The City of Lake Worth's claims listed to date to amount to **$ 1,043,493.09" and** does not account for the improper charges associated with this case.

40. Additionally, The City of Lake Worth's claims are barred by the statute of limitation and other similar laws.

41. Charlotte Taylor has had an opportunity to review the aforementioned records and claims that the City of Lake Worth claims are as a result of the subject claims, and attests to the fact that if awarded, the value of the City of Lake Worth 's claims would exceed the jurisdictional requirements of this Court. See Black v. State Farm Mutual Automobile Ins. Co., 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22, 2010) citing Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010) ("A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden" of establishing jurisdiction). Charlotte Taylor has had an opportunity to review

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

the aforementioned and taking into account the City of Lake Worth's claims to the discovery Charlotte Taylor has established the requisite amount in controversy for removal.

## Procedural Matters

42. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

43. The Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, as required by 28 U.S.C. § 1446(d).

44. A copy of a substantial amount of process, pleadings and orders received by Defendants are attached as Exhibit A.

45. An amended record will be filed with copy of the docket, all process, pleadings and orders received by Defendant Charlotte Taylor will be filed after February 1, 2018 due to her financial status.

Dated: January 22, 2018

*Charlotte Taylor*
Charlotte Taylor, Pro Se
3200 Summit Blvd., Unit 17055
West Palm Beach, FL 33416

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to the following:

| Michael Phillips<br>7730 N.W. 50th Street<br>Lauderhill, FL 33351<br>mike@gmmykidsmeal.com | Christopher Stearns, Esq.<br>2455 East Sunrise Blvd., Suite 1000<br>Fort Lauderdale, FL 33304<br>Stearns@jambg.com |
|---|---|
| Charlotte Taylor<br>3200 Summit Blvd., Unit 17055<br>West Palm Beach, FL 33416<br>courtrecords@hotmail.com | |

Dated: January 22, 2018.

*Charlotte Taylor*
Charlotte Taylor, Pro Se
3200 Summit Blvd., Unit 17055
West Palm Beach, FL 33416