IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY, FLORIDA.
CIVIL ACTION.

CITY OF LAKE WORTH, Florida, a Florida
municipal corporation,

CASE NO. 50 2007 CA 013909 XXXX MB

    Plaintiff,

v.

Complaint to Foreclose Special
Assessments and Code
Enforcement Orders Under
Chapter 162

CHARLOTTE TAYLOR and MICHAEL M.
PHILLIPS,

    Defendants.

Plaintiff, City of Lake Worth, Florida, a Florida municipal corporation, sues the

defendants, CHARLOTTE TAYLOR and MICHAEL M. PHILLIPS, and alleges as follows:

    1.    This is an action to foreclose special assessment liens and Code Enforcement

Orders on real and personal property.

    2.    The property that is the subject of this action is located in Palm Beach County,

Florida.

    3.    Plaintiff, City of Lake Worth, Florida (hereinafter "City"), is a Florida municipal

corporation located in Palm Beach County, Florida.

    4.    Defendant, Charlotte Taylor (hereafter "Taylor"), purports to be the owner of real

property located at 1121 South Federal Highway, Lake Worth, Florida, more particularly

described as follows:

> Lot 14, Block 48, Addition No. 1 to Town of Lake Worth,
> according to the Plat thereof, recorded in Plat Book 5, Pages
> 6 to 9, inclusive, in the Office of the Circuit Court in and for
> Palm Beach County, Florida (hereafter the "Property").

5.     On January 2, 2002, the City adopted Resolution No. 1-2002, levying a special assessment upon the Property for nonpayment of waste removal and stormwater utility fees. A certified copy of this Resolution was recorded in Official Records Book 13334 at Page 511 of the Public Records of Palm Beach County, Florida.  A copy of this Resolution is attached to the Complaint as Exhibit A.

6.     On June 4, 2002, the City adopted Resolution No. 25-2002, levying a special assessment upon the Property for nonpayment of waste removal and stormwater utility fees. A certified copy of this Resolution was recorded in Official Records Book 13836 at Page 1530 of the Public Records of Palm Beach County, Florida.  A copy of this Resolution is attached to the Complaint as Exhibit B.

7.     The special assessments have not been paid.  There is now owing and unpaid to the City a total sum of $323.00 plus interest, costs and attorney's fees, pursuant to these special assessments.

8.     On August 26, 1999, the City of Lake Worth Code Enforcement Board (hereinafter "Board"), entered an Order Finding Violation and Imposing Fine, finding Defendant Michael M. Phillips (hereinafter "Phillips"), the then owner of the Property, in violation of numerous provisions of the City of Lake Worth Code of Ordinances as described in the Order. This Order provided that Defendant Phillips was to correct the violations by no later than September 15, 1999.  A copy of this Order Finding Violation and Imposing Fine is attached to the Complaint as Exhibit C.

2

9.    A certified copy of the Order Finding Violation and Imposing Fine has been recorded in Official Records Book 11334 at Page 544 of the Public Records of Palm Beach County, Florida.

10.    The Order Finding Violation and Imposing Fine provided for a fine of $150.00 per day for each and every day the violations continued to exist after September 15, 1999.

11.    Defendant Phillips failed to comply with the above Order Finding Violation and Imposing Fine within the time period contained in the Order.

12.    Accordingly, at a subsequent time, the Board entered a Statutory Order Imposing Fine/Lien.  A copy of this Statutory Order Imposing Fine/Lien is attached to the Complaint as Exhibit D.

13.    The Statutory Order Imposing Fine/Lien further provided that Defendant Phillips was to pay administrative prosecution costs of $207.00 and a mandatory inspection fee of $150.00.

14.    A certified copy of the Statutory Order Imposing Fine/Lien has been recorded in Official Records Book 11378 at Page 406 of the Public Records of Palm Beach County, Florida.

15.    Defendant Phillips failed to comply with the above Code Enforcement Orders and thus fines accumulated under these Orders.  Defendant Phillips further did not pay the administrative prosecution costs of $207.00 or the mandatory inspection fees of $150.00 as required by the Orders.  Defendant Phillips has permitted the property to be in violation throughout this period of time.

16.    There is now owing and unpaid to the City of Lake Worth a total sum of $421,950.00 plus interest, costs and attorney's fees computed at the rate of $150.00 a day in accordance with the Orders described in Exhibits C and D.  There is further owing and unpaid to the City of Lake Worth administrative prosecution costs of $207.00 and mandatory inspection fees of $150.00.

17.    On April 29, 2004, the City of Lake Worth Special Master (hereinafter "Master"), entered an Order Finding Violation, finding Defendant Taylor in violation of numerous provisions of the City of Lake Worth Code of Ordinances as described in the Order.  This Order provided that Defendant Taylor was to correct the violations by no later than July 5, 2004. A copy of this Order Finding Violation is attached to the Complaint as Exhibit E.

18.    A certified copy of the Order Finding Violation has been recorded in Official Records Book 17103 at Page 1775 of the Public Records of Palm Beach County, Florida.

19.    The Order Finding Violation provided for a fine of $100.00 per day for each and every day the violations continued to exist after July 5, 2004. The Order further provided that Taylor was to pay administrative prosecution costs of $281.53 and a mandatory inspection fee of $150.00.

20.    Defendant Taylor failed to comply with the above Order Finding Violation within the time period contained in the Order.

21.    Accordingly, at a subsequent time, the Master entered an Order Assessing Fine. A copy of this Statutory Order Imposing Fine/Lien is attached to the Complaint as Exhibit F.

22.    The Order Assessing Fine further provided that Defendant Taylor was to pay administrative prosecution costs of $337.23.

4

23.     A certified copy of the Order Assessing Fine has been recorded in Official Records Book 17508 at Page 1782 of the Public Records of Palm Beach County, Florida.

24.     Defendant Taylor failed to comply with the above Code Enforcement Orders and thus fines accumulated under these Orders.  Defendant Taylor further did not pay the administrative prosecution costs of $618.76 or the mandatory inspection fees of $150.00 as required by the Orders. · Defendant Taylor has permitted the property to be in violation throughout this period of time.

25.     There is now owing and unpaid to the City of Lake Worth a total sum of $105,800.00 plus interest, costs and attorney's fees computed at the rate of $100.00 a day in accordance with the Orders described in Exhibits E and F.  There is further owing and unpaid to the City of Lake Worth administrative prosecution costs of $618.76 and mandatory inspection fees of $150.00.

26.     The violations of the City of Lake Worth Code of Ordinances occurred on the Property as described in paragraph 4 above, which is owned by Defendants Taylor or Phillips. Accordingly, the recording of the certified copies of the Code Enforcement Orders in the public records constituted a lien against the above-described real Property, and against any other real or personal Property owned by Defendants Taylor or Phillips in accordance with the provisions of Section 162.09, Florida Statutes.

27.     The Board authorized the City to foreclose on the liens in accordance with the provisions of Section 162.09, Florida Statutes.

28.     Although plaintiff does not know of any other specific real or personal Property owned by the Defendants Taylor or Phillips other than that described in paragraph 4 above,

plaintiff believes that these Defendants may own other real or personal Property located in Palm Beach County, Florida, or elsewhere. Therefore, this action is also brought pursuant to the provisions of Chapter 162.09, Florida Statutes, to foreclose on the Code Enforcement Orders, and thus plaintiff is requesting that this Court permit plaintiff to foreclose upon the real Property described in paragraph 4 above, as well as upon any other real and personal Property owned by Defendants Taylor or Phillips.

29.    It has become necessary for the plaintiff to prosecute this action through the undersigned counsel. Defendants Taylor and Phillips are obligated by virtue of the provisions of Section 162.10, Florida Statutes, to reimburse plaintiff for these expenses.

30.    Defendant Phillips may claim an interest in the property by virtue of that certain warranty deed in Official records Book 8409 at Page 849 of the Public records of Palm Beach County, Florida. Such interest is inferior to that of the Plaintiff.

31.    Defendant Taylor may claim an interest in the Property by virtue of those certain Claims of Lien recorded in Official Records Book 10680 at page 673 and in Book 10704 at Page 49; by virtue of that certain Sheriff's Deed recorded in Official Records Book 14078 at Page 1806; by virtue of that certain Notice of Lis Pendens recorded in Official Records Book 20566 at Page 1221; and by virtue of that certain Final Judgment recorded in Official Records Book 11250 at Page 412 and in Book 11319 at page 1861. Such interests are inferior to that of the Plaintiff.

32.    Moreover, in Case No. 501999 CA010548 AN, styled as Charlotte Taylor v Greenpoint Mortgage Corporation in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida, by Order dated July 18, 2005, the Court ruled that Taylor's Final

Judgment was not a lien upon the Property. The Order further provided that the City's Code Enforcement Orders described in Exhibits C and D had priority over Taylor's claims to the Property. A copy of this Order is attached to the Complaint as Exhibit G.

33. The above Order is a final order. Accordingly, the City's priority over Taylor, and the validity of the City's liens on the Property, and that Taylor's judgment did not become a lien upon the property, have been conclusively determined by the doctrine of collateral estoppel.

WHEREFORE, plaintiff, City of Lake Worth, Florida, respectfully prays that this Court grant the following relief:

(a)     Take jurisdiction of this cause and the parties;

(b)     Adjudge that plaintiff has a lien on the real Property described in paragraph 4 of the Complaint for the amount of $323.00 plus interest, costs and reasonable attorney's fees superior to the rights of defendants and all persons claiming by, through or under them, and require payment of this balance.

( c)     Adjudge that plaintiff has a lien on the real Property described in paragraph 4 of the Complaint and upon any other real and personal Property of Defendants Taylor or Phillips, for the amount of $527,750.00 plus interest, costs and reasonable attorney's fees, as well as administrative prosecution costs of $825.76 and mandatory inspection fees of $300.00 superior to the rights of the Defendants and all persons claiming by, through or under them, and require payment of this balance plus interest, reasonable attorney's fees, court cots and expenses;

(d)      Enter an order permitting the foreclosure of the Property and of any real and personal Property of Defendants, Taylor or Phillips, and order a sale of said Property in the event that such Defendants do not satisfy the amount owed to plaintiff in this action, and award a deficiency judgment against Defendants in the event the Property is not of sufficient value to satisfy the liens of plaintiff;

(e)      Tax all costs of this action against the Defendants, and award reasonable attorney's fees to the plaintiff;

(f)      Grant such other and further relief as may be just and equitable.

**TO ALL DEFENDANTS: PLEASE READ THE NEXT PAGE WHICH CONTAINS IMPORTANT INFORMATION IF YOU WANT TO DISPUTE THE VALIDITY OF THE DEBT WHICH PLAINTIFF IS ATTEMPTING TO COLLECT IN THIS LAWSUIT.**

BY: _____
LARRY A. KARNS
7 North Dixie Highway
Lake Worth, Florida 33460-3787
(561) 586-1631
Florida Bar No. 181591

NOT A CERTIFIED COPY

8

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1692g, AS AMENDED

1. The amount of the debt is set forth in the complaint which is attached to this notice.

2. The plaintiff as set forth in the attached summons and complaint is the creditor to whom the debt is owed.

3. The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this notice.  If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

4. If the debtor notifies the creditor in writing within 30 days from receipt of this notice that the debt, or any portion thereof is disputed, the creditor, City of Lake Worth, will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor City of Lake Worth.

5. If the creditor named herein is not the original creditor, and if the debtor makes a written request to the creditor, City of Lake Worth, within 30 days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor City of Lake Worth.

6. Written requests pursuant of this notice should be addressed to LARRY A. KARNS, CITY ATTORNEY, 7 North Dixie Highway, Lake Worth, Florida 33460 .

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.



01/23/2002   08:02:57   20020038406
OR BK 13334 PG 0511
Palm Beach County, Florida

PLEASE RECORD AND RETURN TO:

City of Lake Worth
City Clerk's Office
7 North Dixie Highway
Lake Worth, Fl. 33460-3787

1-2002

RESOLUTION NO. 1-2002 OF THE CITY OF LAKE WORTH, FLORIDA, LEVYING SPECIAL ASSESSMENTS AGAINST CERTAIN PRIVATE PROPERTY IN THE CITY FOR THE NONPAYMENT OF WASTE REMOVAL FEES OWED TO THE CITY; PROVIDING THAT UNPAID ASSESSMENTS SHALL BEAR INTEREST AT TEN PERCENT (10%) PER ANNUM UNTIL PAID, OR AT FIFTEEN PERCENT (15%) PER ANNUM AFTER NINETY (90) DAYS; LEVYING SPECIAL ASSESSMENTS AGAINST CERTAIN PRIVATE PROPERTY IN THE CITY FOR THE NONPAYMENT OF STORMWATER UTILITY FEES OWED TO THE CITY; PROVIDING THAT ASSESSMENTS SHALL BEAR INTEREST AT EIGHT PERCENT (8%) PER ANNUM UNTIL PAID; PROVIDING FOR SPECIAL ASSESSMENT LIENS SUPERIOR IN DIGNITY TO ALL OTHER LIENS EXCEPT FOR A LIEN FOR TAXES; PROVIDING SEVERABILITY; PROVIDING AN EFFECTIVE DATE.

WHEREAS, Section 12-19 of the Code of Ordinances of the City of Lake Worth, Florida, provides that the City Commission shall establish monthly fees for waste removal services; and

WHEREAS, the City Commission has established such fees; and

WHEREAS, the fees for waste removal service rendered to the properties listed below have not been paid; and

WHEREAS, Section 12-21 of the Code of Ordinances provides for the assessment of such unpaid fees against the properties served; and

WHEREAS, Section 18-46 of the Code of Ordinances of the City of Lake Worth, Florida, provides that the City Commission shall impose stormwater utility fees; and

WHEREAS, the City Commission has established such fees; and

WHEREAS, the fees for stormwater utility on the properties listed below have not been paid; and

WHEREAS, Section 18-48 of the Code of Ordinances provides for the assessment of such unpaid fees against the properties to which they are associated.

NOW, THEREFORE, BE IT RESOLVED BY THE CITY COMMISSION OF THE CITY OF LAKE WORTH, FLORIDA, that:

Section 1. Liens for unpaid waste removal fees (WR) and stormwater utility fees (SW) are hereby assessed and levied by the City against the following described properties located in Lake Worth, Florida, in the following amounts:

Pg. 2, Reso. 1-2002

**ORIGINAL DOCUMENT** (left margin, vertical)

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Vernon Whitaker 622 South A Street Lake Worth, FL 33406 | 38 43 44 21 15 191 0021 N 53 Ft of Lot 2, Blk 191 **Town of Lake Worth** a/k/a 622 South A Street | $111.20 WR $ 18.00 SW $129.20 |
| First Star Bank Milwaukee Tr 17701 Cowan FLR 2nd 100 Irvine, CA 92641-6057 | 38 43 44 21 15 193 0060 Lot 6 Blk. 193 **Town of Lake Worth** a/k/a 610 South B Street | $111.20 WR $ 18.00 SW $129.20 |
| John & Amalia L. Lush 212 North C Street Lake Worth, FL 33460 | 38 43 44 21 15 064 0060 Lot 6, Blk 64 **Town of Lake Worth** a/k/a 212 North C Street | $111.60 WR $ 18.07 SW $129.67 |
| Antonio & Carmen Rosado 409 North C Street Lake Worth, FL 33460 | 38 43 44 21 15 130 0140 Lot 14, Blk 130 **Town of Lake Worth** a/k/a 409 North C Street | $125.00 WR $ 20.25 SW $145.35 |
| Ruth M. Schubert 802 South C Street Lake Worth, FL 33460 | 38 43 44 21 15 243 0080 Lot 8, Blk 243 **Town of Lake Worth** a/k/a 802 South C Street | $111.20 WR $ 18.00 SW $129.20 |
| Eslett Ruiz 7485 Coconut Drive Lake Worth, FL 33467 | 38 43 44 33 10 003 0550 Lot 55, Blk 3 **Whispering Palms No. 2** a/k/a 1312 South C Terrace | $ 95.32 WR $ 15.75 SW $111.07 |
| Sandra Vanterpool Etx Yves Vanterpool HIW 14 South D Street Lake Worth, FL 33460 | 38 43 44 21 15 007 0100 Lot 10, Blk 7 **Town of Lake Worth** a/k/a 14 South D Street | $125.10 WR $ 20.25 SW $145.35 |
| Lisa Parks 215 South D Street Lake Worth, FL 33460 11766 Osprey Point Cir Lake Worth, FL 33467 | 38 43 44 21 15 073 0240 Lots 24 & 25, Blk 73 **Town of Lake Worth** a/k/a 215 South D Street | $111.20 WR $ 18.00 SW $129.20 |
| Finn Lion Inc. 509 North Federal Highway Lake Worth, FL 33460 | 38 43 44 21 15 185 0220 Lots 22 & 23, Blk. 185 **Town of Lake Worth** a/k/a 511 South D Street | $117.40 WR $ 19.00 SW $138.60 |
| ~~Tina W. Defelice 4790 Lucerne Lakes Blvd. Apt. 106 Lake Worth, FL 33467~~ | ~~38 43 44 21 15 015 0220 Lots 22 & 23\Less E. 23 Ft RD R\W Blk 15 Town of Lake Worth a/k/a 13 South Dixie Highway~~ | ~~$107.40 WR $ 12.84 SW $120.24~~ |

NOT CERTIFIED COPY (watermark)

BOOK    PAGE 0513

Pg. 3, Reso. 1-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Front Row Rentals Inc. 1402 South Federal Hwy Suite 43 Lake Worth, FL 33460 5726 | 38 43 44 21 15 173 0070 Lots 7 & 8 (Less W 5 Ft RD R\W) & Lots 9 & 10 (Less W 10 Ft RD R\W), Blk 173 **Town of Lake Worth** a/k/a 516 South Dixie Highway | $107.40 WR $ 6.75 SW $114.15 |
| Los Amigos Auto Sales Inc 1802 Dixie Highway North Lake Worth, FL 33460 | 38 43 44 15 16 043 0150 Lot 15 & Lot 16/Less W 10 Ft/, Blk 43 **North Lake Worth** a/k/a 1802 North Dixie Highway | $143.20 WR $ 61.20 SW $ 204.40 |
| Sameer Saadeh 4783 Blue Pines Lake Worth, FL 33463 | 38 43 44 34 02 000 0140 Lot 14 **Amended Plat of Latona Court** a/k/a 1624 South Douglas Street | $107.40 WR $ 6.75 SW $114.15 |
| Barbara E. Gregory Estate 201 North E Street Lake Worth, FL 33460 | 38 43 44 21 15 062 0311 S 10 Ft of Lot 31 & Lot 32, Blk 62 **Town of Lake Worth** a/k/a 201 North E Street | $222.40 WR $ 36.00 SW $ 258.40 |
| Julia Taburello 5 Ashwood Place Parsippany, NJ 07054 2213 | 38 43 44 21 15 077 0040 Lot 4, Blk 77 **Town of Lake Worth** a/k/a 226 South E Street | $125.10 WR $ 20.25 SW $ 145.35 |
| Andrew J. Urbanowicz 501 North Ridge Road Lake Worth, FL 33462 | 38 43 44 21 15 222 0130 Lot 13, Blk 222 **Town of Lake Worth** a/k/a 711 North Federal Highway | $109.88 WR $ 18.00 SW $ 127.88 |
| Kenneth J. Bosted 924 North Federal Highway Lake Worth, FL 33460 | 38 43 44 21 15 288 0050 Lot 5 (Less W 5 Ft North Federal Hwy RD R/W) Blk 288 **Town of Lake Worth** a/k/a 922 North Federal Highway | $111.20 WR $ 18.00 SW $ 129.20 |
| Michael M. Phillips 1121 South Federal Hwy Lake Worth, FL 33460 | 38 43 44 27 01 048 0140 Lot 14, Blk 48 **Addition 1 to Town of Lake Worth** a/k/a 1121 South Federal Highway | $139.00 WR $ 22.50 SW $161.50 |
| Federal 18 Corp. 23164 Via Stel Boca Raton, FL 33433 3932 | 38 43 44 21 15 366 0070 Lot 7, E of Federal Highway /Less W 5 Ft/ Blk 366 **Town of Lake Worth** a/k/a 1228 &1224 North Federal Hwy | $139.00 WR $ 22.50 SW $161.50 |
| Bankers Trust Company, Tr 9275 Sky Park Ct., Floor 2 San Diego, CA 92123 4386 | 38 43 44 21 15 366 0080 Lot 8, Blk 366 **Town of Lake Worth** a/k/a 1232 North Federal Highway | $166.80 WR $ 27.00 SW $ 193.80 |

NOT A CERTIFIED COPY

ORIGINAL DOCUMENT

BOOK   34   PAGE 0514

Pg. 4, Reso. 1-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Kathryn M. Berry<br>8845 Andy Ct., #D<br>Boynton Beach, FL 33436 2450 | 38 43 44 21 15 082 0311<br>E 90 Ft of Lots 31 & 32, Blk 82<br>**Town of Lake Worth**<br>a/k/a 301 North H Street | $125.10 WR<br>$ 20.25 SW<br>$ 145.35 |
| ~~Gondor Inv of Palm Beach~~<br>~~County Inc.~~<br>~~430 North G Street~~<br>~~Lake Worth, FL 33460~~ | ~~38 43 44 21 15 021 0151~~<br>~~E 5 Ft of Lot 16 & Lot 17 (Less N 10~~<br>~~Ft Lake Ave RD R/W), Blk 21~~<br>~~Town of Lake Worth~~<br>~~a/k/a 609 Lake Avenue~~ | ~~$115.12 WR~~<br>~~$ 14.02 SW~~<br>~~$ 129.14~~ |
| Stott Rogan<br>1711 Lavue Avenue<br>Lake Worth, FL 33460 | 38 43 44 21 08 002 0030<br>Lots 3, 4, 21 & 22, Blk 2<br>**Hillcrest-Lake Worth**<br>a/k/a 1711 Lavue Avenue | $166.80 WR<br>$ 27.00 SW<br>$ 193.80 |
| Geneva A. Bervine Estate 621<br>Latona Avenue<br>Lake Worth, FL 33460 | 38 43 44 34 02 000 0480<br>Lots 48 & 49<br>**Amended Plat of Latona Court**<br>a/k/a 621 Latona Avenue | $125.10 WR<br>$ 15.75 SW<br>$ 113.05 |
| Grant Chapel of the AME<br>Church, Inc.<br>PO Box 339<br>Lake Worth, FL 33460 | 38 43 44 34 02 000 0360<br>Lots 36 & 37<br>**Amended Plat of Latona**<br>a/k/a 721 Latona Avenue | $125.10 WR<br>$ 20.25 SW<br>$145.35 |
| Gulfstream Hotel LTD<br>Prtnrshp<br>200 Roosevelt Building<br>609 Penn Avenue<br>Pittsburgh, PA 15222 3201 | 38 43 44 21 15 033 0060<br>Lot 6, Blk 33<br>**Town of Lake Worth**<br>a/k/a 12 South Lakeside Drive | $107.40 WR<br>$   6.75 SW<br>$114.15 |
| John W. Butler<br>731 South M Street<br>Lake Worth, FL 33460 | 38 43 44 21 15 215 0160<br>Lot 16, Blk 215<br>**Town of Lake Worth**<br>a/k/a 731 South M Street | $166.80 WR<br>$ 27.00 SW<br>$193.80 |
| Kenneth E. Labonte<br>Lori R. Labonte<br>6134 Linton Street<br>Jupiter, FL 33458 6738 | 38 43 44 21 15 286 0050<br>Lot 5, Blk 286<br>**Town of Lake Worth**<br>a/k/a 918 North M Street | $111.00 WR<br>$ 18.00 SW<br>$129.20 |
| Elizabeth K. Piacente<br>1623 South Palmway<br>Lake Worth, FL 33460 | 38 43 44 27 01 090 0110<br>Lots 11 & 12, Blk 90<br>**Addition 1 to Town of Lake Worth**<br>a/k/a 1623 South Palmway | $ 97.30 WR<br>$ 15.75 SW<br>$113.05 |
| C. R. Whitemore Tr.<br>1533 South Railroad Avenue<br>Lake Worth, FL 33460 | 38 43 44 34 01 000 0130<br>Lot 13<br>**Osborne Addition Amended**<br>a/k/a 1533 South Railroad Avenue | $107.40 WR<br>$ 13.50 SW<br>$120.90 |

ORIGINAL DOCUMENT

NOT A CERTIFIED COPY

BOOK     PAGE 0515

Pg. 5, Reso. 1-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Fred Deveaux 1528 Wingfield Street Lake Worth, FL 33460 | 38 43 44 34 01 000 0640 Lot 64 **Osborne Addition Amended** a/k/a 1528 Wingfield Street | $111.20 WR $ 18.00 SW $129.20 |
| David A. McNulty 509 Wright Drive Lake Worth, FL 33461 | 38 43 44 28 16 000 0260 Lot 26 **Lake Shore Villas** a/k/a 509 Wright Drive | $111.20 WR $ 18.00 SW $129.20 |
| Adopt A Family of the Palm Beaches, Inc. 2330 South Congress Ave. Suite 1C West Palm Beach, FL 33406 | 38 43 44 21 02 034 0021 W ½ S 250.3 Ft of Lot 2, Blk 34 **Sub of** a/k/a 1712 2ⁿᵈ Avenue North | $139.00 WR $ 22.50 SW $161.50 |
| John Shonkwiler Sherry Shonkwiler 333 Davis Road Lake Worth, FL 33461 | 38 43 44 21 15 088 0010 Lot 1, Blk 88 **Town of Lake Worth** a/k/a 716 3ʳᵈ Avenue North | $111.20 WR $ 18.00 SW $129.20 |
| Tu Quoc Pham 1210 6ᵗʰ Avenue South Lake Worth, FL 33460 | 38 43 44 21 15 181 0010 Lot 1, (Less 6ᵗʰ Ave So R/W) & Lot 2, Blk 181 **Town of Lake Worth** a/k/a 1210 6ᵗʰ Avenue South | $125.10 WR $ 20.25 SW $145.35 |
| Merley L. McCray 1221 15ᵗʰ Avenue South Lake Worth, FL 33460 | 38 43 44 33 12 012 0010 Lot 1, Blk 12 **Whispering Palms No. 5** a/k/a 1221 15ᵗʰ Avenue South | $125.10 WR $ 20.25 SW $145.35 |

The aforesaid liens for unpaid waste removal fees and stormwater utility fees are not exclusive of other unpaid waste removal fees or stormwater utility fees owed to the City at the time of the adoption of this resolution, but represent an accumulation of such fees which in the opinion of the City Commission should be made a matter of public record. The above amounts are owed to the City at the time of the adoption of this resolution, and are expected to increase in amount as future billings fall due.

**Section 2.** The aforesaid liens remain liens, co-equal with the lien of state, county, district, and municipal taxes, and superior in dignity to all other existing and future liens, titles and claims until paid. The aforesaid waste removal liens shall bear interest at the rate of ten percent (10%) per annum from the date of delinquency (thirty (30) days after the date of this resolution). If after ninety (90) days from the date of delinquency, these liens have not been paid, the rate of interest of ten percent (10%) per annum shall increase to fifteen percent (15%) per annum of the unpaid principal balance. The aforesaid stormwater utility liens shall bear interest at the rate of eight percent (8%) per annum from the date of delinquency (thirty (30) days after the date of this resolution).

**Section 3.** The aforesaid assessment liens are to be recorded in the office of the Finance Director of the City of Lake Worth, and the Finance Director is authorized and directed to collect the same in the manner prescribed by law.

**Section 4.** If any provision of this resolution, or the application thereof to any person or circumstances is held invalid, the invalidity shall not affect other provisions or applications of the resolution which can be given effect without the invalid provision or application, and to this end the provisions of this resolution are declared severable.

BOOK    4    PAGE 0516
Dorot      L  Wilken, Clerk

Pg. 6, Reso. 1-2002

<u>Section 5.</u>  This Resolution shall take effect immediately upon its passage.

The passage of this Resolution was moved by Commissioner McKinnon, seconded Commissioner Egly, and upon being put to a vote, the vote was as follows:

| | |
|---|---|
| Mayor Rodney G. Romano | AYE |
| Commissioner Scott Maxwell | AYE |
| Commissioner Colburn H. McKinnon | AYE |
| Commissioner Gary Bo Allen | AYE |
| Commissioner Joe Egly | AYE |

The Mayor thereupon declared this Resolution duly passed and adopted on the 2nd day of January, 2001.

LAKE WORTH CITY COMMISSION

By: _____
Rodney G. Romano, Mayor

ATTEST:

_____
Barbara L. Eberly, Acting City Clerk

Submitted: January 2, 2002

Prepared by: Larry A. Karns, Esquire
7 North Dixie Highway
Lake Worth, FL  33460-3787

ORIGINAL DOCUMENT

NOT A CERTIFIED COPY

PLEASE RECORD AND RETURN TO:

City of Lake Worth
City Clerk's Office
7 North Dixie Highway
Lake Worth, FL 33460-3787

06/24/2002  14:17:25  20020319369
OR BK 13836 PG 1530
Palm Beach County, Florida

25-2002

RESOLUTION NO. 25-2002 OF THE CITY OF LAKE WORTH, FLORIDA, LEVYING SPECIAL ASSESSMENTS AGAINST CERTAIN PRIVATE PROPERTY IN THE CITY FOR THE NONPAYMENT OF WASTE REMOVAL FEES OWED TO THE CITY; PROVIDING THAT UNPAID ASSESSMENTS SHALL BEAR INTEREST AT TEN PERCENT (10%) PER ANNUM UNTIL PAID, OR AT FIFTEEN PERCENT (15%) PER ANNUM AFTER NINETY (90) DAYS; LEVYING SPECIAL ASSESSMENTS AGAINST CERTAIN PRIVATE PROPERTY IN THE CITY FOR THE NONPAYMENT OF STORMWATER UTILITY FEES OWED TO THE CITY; PROVIDING THAT ASSESSMENTS SHALL BEAR INTEREST AT EIGHT PERCENT (8%) PER ANNUM UNTIL PAID; PROVIDING FOR SPECIAL ASSESSMENT LIENS SUPERIOR IN DIGNITY TO ALL OTHER LIENS EXCEPT FOR A LIEN FOR TAXES; PROVIDING SEVERABILITY; PROVIDING AN EFFECTIVE DATE.

WHEREAS, Section 12-19 of the Code of Ordinances of the City of Lake Worth, Florida, provides that the City Commission shall establish monthly fees for waste removal services; and

WHEREAS, the City Commission has established such fees; and

WHEREAS, the fees for waste removal service rendered to the properties listed below have not been paid; and

WHEREAS, Section 12-21 of the Code of Ordinances provides for the assessment of such unpaid fees against the properties served; and

WHEREAS, Section 18-46 of the Code of Ordinances of the City of Lake Worth, Florida, provides that the City Commission shall impose stormwater utility fees; and

WHEREAS, the City Commission has established such fees; and

WHEREAS, the fees for stormwater utility on the properties listed below have not been paid; and

WHEREAS, Section 18-48 of the Code of Ordinances provides for the assessment of such unpaid fees against the properties to which they are associated.

NOW, THEREFORE, BE IT RESOLVED BY THE CITY COMMISSION OF THE CITY OF LAKE WORTH, FLORIDA, that:

Section 1. Liens for unpaid waste removal fees (WR) and stormwater utility fees (SW) are hereby assessed and levied by the City against the following described properties located in Lake Worth, Florida, in the following amounts:

BOOK 13836   PAGE 1531

Pg. 2, Reso. 25-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Chase Manhattan Mrtg. Corp 3415 Vision Drive Columbus, OH 43218 | 38 43 44 21 15 068 0042 S 40 Ft of Lt 4, Blk 68 Town of Lake Worth a/k/a 230 North A Street | $ 97.30 WR $ 15.75 SW $113.05 |
| Russell W. Carran PO BOX 6071 Lake Worth, FL 33466 | 38 43 44 21 15 241 0040 Lot 4, Blk 241 Town of Lake Worth a/k/a 814 South B Street | $ 97.30 WR $ 15.75 SW $113.05 |
| S & H Housing 11200 NW 38TH Street Coral Springs FL 33065 | 38 43 44 21 15 190 0030 Lots 3 & 4, Blk 190 Town of Lake Worth a/k/a 608 North D Street | $125.10 WR $ 20.25 SW $145.35 |
| Jay R Widdows Veronica Widdows 3267 Gondolier Way Lantana, FL 33462 | 38 43 44 21 15 119 0170 Lots 17 & 19 (Less E 10 Ft SR 805 R/W) & Lot 18 (Less E 5 Ft SR 805 R/W) Blk 119 Town of Lake Worth a/k/a 303 South Dixie Highway | $458.70 WR $ 74.25 SW $532.95 |
| Aaron Rents Inc. 309 E Paces Ferry Road NE Atlanta, GA 30305-2387 | 38 43 44 21 15 150 0010 Lot 1 (Less W 5 Ft RD R/W & External Curve) Lots 2 to 15 Incl (Less W 5 Ft RD R/W) & Lot 16 (Less W 5 Ft RD R/W and External Curve ) Blk 150 Town of Lake Worth a/k/a 516 North Dixie Highway a/ka 502 North Dixie Highway | $214.80 WR $ -0- SW $214.80 |
| Violet Drummond 13353 North Umberland Circle West Palm Bech, FL 33414 | 38 43 44 21 15 248 0130 Lot 13, (Less E 5 Ft RD R/W) Blk 248 Town of Lake Worth a/k/a 815 North Dixie Highway | $107.40 WR $ 26.34 SW $133.74 |
| Ello and Flora Ramos 1501 North D Street Lake Worth, FL 33460 | 38 43 44 21 15 384 0090 Lot 9, Blk 384 Town of Lake Worth a/k/a 1231 North F Street | $ 97.30 WR $ 15.75 SW $113.05 |

ORIGINAL DOCUMENT

NOT A CERTIFIED COPY

BOOK 13236 PAGE 1532

Pg. 3, Reso. 25-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Michael M. Phillips 121 South Federal Highway Lake Worth, FL 33460 | 38 43 44 27 01 048 0140 Lot 14, Blk, 48 Addition 1 Town of Lake Worth a/k/a 1121 South Federal Highway | $139.00 WR $ 22.50 SW $161.50 |
| Southeastern Conference PO Box 160067 Altamonte Springs, FL 32716 | 38 43 44 21 15 223 0010 Lots 1 to 4 Inc & Lots 13 to 16, Inc Blk 223 Town of Lake Worth a/k/a 726 South H Street a/k/a 725 S Dixie Highway | $466.66 WR $ 76.50 SW $543.16 |
| ~~Richard Green~~ ~~RMM Properties Group~~ ~~3142 Woodlands Way~~ ~~Deerfield Beach, FL 33442~~ | ~~38 43 44 2115 289 0120~~ ~~Lot 12, Blk 289~~ ~~Town of Lake Worth~~ ~~a/k/a 1117 South H Street~~ | ~~$ 97.30 WR~~ ~~$ 15.75 SW~~ ~~$113.05~~ |
| Ronald R. Wilson 1104 South J Street Lake Worth, FL 33460 #1 | 38 43 44 27 01 044 0070 Lots 7 & 8, Blk 44 Addition 1 to Town of Lake Worth a/k/a 1102 South J Street a/k/a 1106 South J Street | $194.60 WR $ 31.50 SW $226.10 |
| Ronald R. Wilson 1104 South J Street Lake Worth, FL 33460 #2 | 38 43 44 27 01 044 0070 Lots 7 & 8, Blk 44 Addition 1 to Town of Lake Worth a/k/a 1102 South J Street a/k/a 1106 South J Street | $194.60 WR $ 31.50 SW $226.10 |
| Neo N. and Margaret Garvin 826 South K Street Lake Worth, FL 33460 | 38 43 44 27 01 018 0020 Lot 2, Blk 18 Addition 1 to Town of Lake Worth a/k/a 826 South K Street | $ 97.30 WR $ 15.75 SW $113.05 |
| Gulfstreaam Hotel LTD PSP 200 Roosevelt Bldg. 809 Penn Avenue Pittsburgh, PA 15222 3201 | 38 43 44 21 15 033 0060 Lot 6, Blk 33 Town of Lake Worth a/k/a 12 South Lakeside Drive | $107.40 WR $ 6.75 SW $114.15 |
| Ethan A. Hopkins 1050 West 4th Street West Palm Beach, FL 33404 | 38 43 44 34 02 000 0320 Lots 32 & 33 Amended Plat of Latona Court a/k/a 805 Latona Avenue a/k/a 809 Latona Avenue | $180.70 WR $ 29.25 SW $209.95 |

ORIGINAL DOCUMENT

NOT A CERTIFIED COPY

Pg. 4, Reso: 25-2002

| NAME AND ADDRESS OF PROPERTY OWNER(S) | PROPERTY CONTROL & LEGAL DESCRIPTION | NO. ASSESSMENT |
|---|---|---|
| Equicredit Corp. of America<br>10401 Deerwood Park Blvd.<br>Jacksonville, FL 32256-0505 | 38 43 44 21 15 215 0160<br>Lot 16, Blk 215<br>**Town of Lake Worth**<br>a/k/a 731 South M Street | $152.90 WR<br>$ 27.00 SW<br>$193.80 |
| Glenn M. Larson.<br>Inez M. Larson<br>1114 Pennsylvania Avenue<br>St Cloud FL 34769-3750 | 38 43 44 27 01 030 0010<br>Lots 1 to 3 Inc. Blk 30<br>**Addition 1 to Town of Lake Worth**<br>a/k/a 930 South N Street | $125.10 WR<br>$ 20.25 SW<br>$145.35 |
| C.R Whitemore TR<br>1533 S Railroad Avenue<br>Lake Worth, FL 33460 | 38 43 44 34 01 000 0130<br>Lot 13, Blk 366<br>**Amended Osborne Addition**<br>a/k/a 1533 South Railroad Avenue | $107.40 WR<br>$ 13.50 SW<br>$120.90 |
| Econo Ads Publications Inc<br>1213 Lake Avenue<br>Lake Worth, FL 33460 | 38 43 44 21 15 112 0170<br>Lots 17 to 19 Inc Blk 12<br>**Town of Lake Worth**<br>a/k/a 431 North L Street<br>a/k/a 605 5th Avenue North | $355.35 WR<br>$ 67.50 SW<br>$422.85 |
| Thabet O. Hasan<br>681 SW 75TH Terrace<br>Fort Lauderdale, FL 33317 | 38 43 44 33 08 000 0010<br>Lots 1 to 4 Inclusive<br>**Williams Park Unit 1**<br>a/k/a 1211 12th Avenue South<br>a/k/a 1215 12th Avenue South | $143.20 WR<br>$ 36.92 SW<br>$180.12 |
| Raymond Torres<br>1217 South 14th Court<br>Lake Worth, FL 33460 | 38 43 44 33 12 011 0020.<br>Lot 2, Blk 11<br>**Whispering Palms No. 5**<br>a/k/a 1217 South 14th Court | $180.70 WR<br>$ 29.25 SW<br>$209.95 |
| Cordell Davis<br>PO Box 471734<br>Miami, FL 33247 | 38 43 44 27 01 074 0012<br>E 42 Ft of Lot 1, Blk 74<br>**Addition 1 to Town of Lake**<br>a/k/a 414 15th Street<br>a/k/a 414 15th Avenue South | $141.97 WR<br>$ 22.98 SW<br>$164.95 |
| Gangie Singh<br>1614 Topical Drive 100<br>Lake Worth, FL 33463 | 38 43 44 33 11 005 0360<br>Lot 36, Blk 5<br>**Whispering Palms No. 4**<br>a/k/a 1301 15th Avenue South | $ 97.30 WR<br>$ 15.75 SW<br>$113.05 |

The aforesaid liens for unpaid waste removal fees and stormwater utility fees are not exclusive of other unpaid waste removal fees or stormwater utility fees owed to the City at the time of the adoption of this resolution, but represent an accumulation of such fees which in the opinion of the City Commission should be made a matter of public record. The above amounts are owed to the City at the time of the adoption of this resolution, and are expected to increase in amount as future billings fall due.

ORIGINAL DOCUMENT
NOT A CERTIFIED COPY

BOOK 13835 PAGE 1534
Dorothy Wilken, Clerk

Section 2. The aforesaid liens remain liens, co-equal with the lien of state, county, district, and municipal taxes, and superior in dignity to all other existing and future liens, titles and claims until paid. The aforesaid waste removal liens shall bear interest at the rate of ten percent (10%) per annum from the date of delinquency (thirty (30) days after the date of this resolution). If after ninety (90) days from the date of delinquency, these liens have not been paid, the rate of interest of ten percent (10%) per annum shall increase to fifteen percent (15%) per annum of the unpaid principal balance. The aforesaid stormwater utility liens shall bear interest at the rate of eight percent (8%) per annum from the date of delinquency (thirty (30) days after the date of this resolution).

Section 3. The aforesaid assessment liens are to be recorded in the office of the Finance Director of the City of Lake Worth, and the Finance Director is authorized and directed to collect the same in the manner prescribed by law.

Section 4. If any provision of this resolution, or the application thereof to any person or circumstances is held invalid, the invalidity shall not affect other provisions or applications of the resolution which can be given effect without the invalid provision or application, and to this end the provisions of this resolution are declared severable.

Section 5. This Resolution shall take effect immediately upon its passage.

The passage of this Resolution was moved by Commissioner Maxwell, seconded by Commissioner Egly, and upon being put to a vote, the vote was as follows:

| | |
|---|---|
| Mayor Rodney G. Romano | AYE |
| Vice Mayor Colburn H. McKinnon | AYE |
| Commissioner Scott Maxwell | AYE |
| Commissioner Gary Bo Allen | AYE |
| Commissioner Joe Egly | AYE |

The Mayor thereupon declared this Resolution duly passed and adopted on the 4th day of June, 2002.

LAKE WORTH CITY COMMISSION

Rodney G. Romano, Mayor

CITY OF LAKE WORTH · INCORPORATED 1913 · PALM BEACH COUNTY · STATE OF FLORIDA

ATTEST:

Pamela J. Levy, City Clerk

Submitted: June 4, 2002

Prepared by: Larry A. Karns, Esquire
7 North Dixie Highway
Lake Worth, FL 33460-3787

NOT A CERTIFIED COPY

ORIGINAL DOCUMENT

CITY OF LAKE WORTH
BUILDING, PLANNING & ZONING
7 NORTH DIXIE HIGHWAY
LAKE WORTH, FL 33460

**CODE ENFORCEMENT BOARD**
**CITY OF LAKE WORTH FLORIDA**

**ORDER FINDING VIOLATION AND IMPOSING FINE**

CASE NO.        99N-00321
Name and Address of Service:

Michael M Phillips
2290 Sunset Avenue      #4
Lake Worth, FL  33461

In regard to:

Lot 14, Block 48, ADDITION #1 TO THE TOWN OF LAKE WORTH, according to
the Plat of THE PALM BEACH FARMS COMPANY PLAT NO. 4, recorded in the
public records of Palm Beach County, Florida in Plat Book 5, Pages 6-9
inclusive a/k/a 1121 South Federal Highway.

RE: Violation of Code Section(s):

    SHCA 104.2.2LICENSE REQUIRED FOR RENTAL PROPERTY
    BCEAB 104.1.1 & 105.6PERMITS, INSPECTIONS
    BCEAB 104.1.1 & 105.6PERMITS, INSPECTIONS
    SHC 302.6KITCHEN FACILITIES
    SHC 304MINIMUM REQUIREMENTS FOR ELECTRICAL SYSTEMS
    SHCA 307.4CARE OF PREMISES

This matter was heard at a public hearing before the Board on
08/26/99, after due notice to the violator(s) and the Board
having heard testimony under oath, received evidence, and heard
argument of counsel(if any), makes the following FINDINGS OF
FACT; CONCLUSIONS OF LAW and ORDER:

I. FINDINGS OF FACT

    1.  The owner(s) of the above described property is(are):
        Michael M Phillips, hereafter referred to as the
        violator(s).

    2.  The violator(s) was (were) properly noticed of said violations
        and hearing under FS 162.12, and was(were) given reasonable time
        to correct same. The owner(s) failed to correct said violations(s)
        within the allowed time.

    3.  That the above described property was in violation of those
        sections of the City of Lake Worth Code as stated above.

    4.  The City of Lake Worth incurred costs in the amount of $207.00
        in successfully prosecuting this case.

II. CONCLUSIONS OF LAW

    1.  The Lake Worth Code Enforcement Board hereby finds the violator(s)
        guilty of violating the above referenced code sections.

    2.  Under section 2-69(c) of the Lake Worth Code of Ordinances and
        FS 162.07(2) the City of Lake Worth is entitled to recover all
        costs incurred in successfully prosecuting this action.

                    - page 1 of 2 -

ORB 11334 Pg 545
DOROTHY H. WILKEN, CLERK PB COUNTY, FL

III. ORDER

It is th    ORDER of this Board that the owner,
Michael M Phillips comply with those sections of the
Lake Worth City Code(s) listed above, by correcting each and every
violation specifically listed by 3:00 pm on 9/15/99 .

If Michael M Phillips, do(es) not comply by the date
and time specified or once again violates the code section(s) as
listed above following the time set for compliance herein, said
owner(s) shall pay a fine in the amount of $150.00 per day for
each and every day the violation(s) continue to exist.

If a finding of violation has been made as provided in Section
162.09,Florida Statutes, a hearing shall not be necessary for
issuance of the Order imposing such a fine. THE BURDEN SHALL REST
UPON THE OWNER(S) TO REQUEST A REINSPECTION TO DETERMINE WHETHER
THE VIOLATION(S) HAS/HAVE BEEN BROUGHT INTO COMPLIANCE.

In addition to the daily fine set forth above, you are hereby
ordered, pursuant to section 2-69(c) of the City of Lake Worth
Code and chapter 162 of Florida Statutes, as may be amended, to
pay prosecution costs to the City of Lake Worth in the amount of
$    207.00 . This amount is due and owing as of the date
of this Order.

The Board further orders Michael M Phillips to make
the property found to be in violation available for mandatory
inspections as required in Section 2-69.4 of the City of Lake
Worth Code on   2/28/00 and   8/28/00    , and pay
the mandatory $150.00 inspection fee.

III. RECORDING OF ORDER

The Code Enforcement Board Secretary is hereby authorized to
record a certified copy of this Order in the Public Records
of Palm Beach County and any other Counties as necessary, and
such Order shall constitute notice to any subsequent purchasers,
successors in interest, or assigns if the violation(s) concern
real property, and the findings herein shall be binding upon
the violator(s) and, if the violation(s) concern real property,
any subsequent purchasers, successors in interest, or assigns.

DONE AND ORDERED This  26  day of August 1999.

CODE ENFORCEMENT BOARD OF THE
CITY OF LAKE WORTH

BY _____
CHAIRPERSON
7 North Dixie Highway
Lake Worth, FL 33460
(407) 586-1652

STATE OF FLORIDA      )
COUNTY OF PALM BEACH  ) SS
CITY OF LAKE WORTH    )

I, Barbara A. Forsythe duly appointed and acting Clerk
of the City of Lake Worth, Florida, hereby certify the
foregoing to be a true and correct copy of ___the____
original document which is in my custody.

In Witness whereof, I have hereunto set my hand and
affixed the official seal of the City of Lake Worth, Florida.

9/2/99     _____
Date            City Clerk

ATTEST: _____
Doris Kimberly, Board Secretary

I HEREBY CERTIFY that a true and correct copy of the above
forgoing FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER has been
furnished by U.S. Mail to Michael M Phillips,
this  1st day of September, 1999.

_____
Doris Kimberly, Board Secretary
7 North Dixie Highway
Lake Worth, FL  33460
(561) 586-1652

- page 2 of 2 -

CITY OF LAKE WORTH
BUILDING, PLUMBING & ZONING
2 NORTH DIXIE HIGHWAY
LAKE WORTH, FL 33460

**CODE ENFORCEMENT BOARD**
**CITY OF LAKE WORTH, FLORIDA**

STATUTORY ORDER IMPOSING FINE/LIEN

Case No.  99N-00321
NAME AND ADDRESS OF SERVICE:

Michael M Phillips
2290 Sunset Avenue      #4
Lake Worth, FL 33461

Oct-01-1999 02:40pm  99-396747
ORB 11370 Pg  406
DOROTHY H. WILKEN, CLERK PB COUNTY, FL

IN REGARDS TO:

1121 S Federal Hy
Lake Worth, FL  33460-5243

    This matter was heard at a public hearing of the Code Enforcement
Board on  08/26/99, after due notice, at which time the Board heard
testimony under oath, received evidence, and issued its FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER, which was reduced to writing and previously
furnished to Michael M Phillips by mail on  9/1/99 .
    Said Order required you to take certain corrective action by a
specified date, as more specifically set forth in that order dated
 8/26/99 .
    An Affidavit of NON-COMPLIANCE dated ____ 9/16/99 has been filed by
the Code Inspector, which Affidavit certifies under oath that the required
corrective action was not taken by the specified date as ordered.
    Accordingly, it having been brought to the Board's attention that
you have failed to comply by the date specified in said order, it is
hereby:
    ORDERED that Michael M Phillips pay to the City of Lake
Worth a FINE in the amount of $      150.00 per day for every
day in violation past 9/15/99 , which is the compliance date set by
said Order, for the property known as:

    Lot 14, Block 48, ADDITION #1 TO THE TOWN OF LAKE WORTH, according to
    the Plat of THE PALM BEACH FARMS COMPANY PLAT NO. 4, recorded in the
    public records of Palm Beach County, Florida in Plat Book 5, Pages 6-9
    inclusive a/k/a 1121 South Federal Highway.

AND an ADMINISTRATIVE PROSECUTION cost of $ 2070.00 along with a
fee of $150.00 for mandatory reinspections which have been assessed for
the above case.
    A certified copy of this Order will be recorded in the public records
of Palm Beach County, Florida, and shall thereafter constitute a lien
against the above-described property, and upon any other real or personal
property owned by the violator(s) pursuant to Sections 162.08 and 162.09
Florida Statutes, as may be amended and Section 2-69(d) of the Lake Worth
Code of Ordinances.

    DONE AND ORDERED this  15th  day of September 1995, at Lake Worth,
Palm Beach County, Florida.

                                    CITY OF LAKE WORTH CODE COMPLIANCE

STATE OF FLORIDA                    By: _____
COUNTY OF PALM BEACH   )SS          Chairperson, Code Enforcement Board
CITY OF LAKE WORTH                  7 North Dixie Highway
I, Barbara L. Eberly, duly appointed and acting Deputy Clerk of   Lake Worth, Fl 33460
the City of Lake Worth, Florida, hereby certify the foregoing to   (561) 586-1652
be a true and correct copy of  the original document
which is in my custody.
                                    Attest: _____
In Witness whereof, I have hereunto set my hand and affixed the   Secretary, Code Enforcement Board
official seal of the City of Lake Worth, Florida.

9-29-99        _____
Date           Deputy Clerk


    I hereby certify that a true and correct copy of the foregoing
Order has been furnished to Michael M Phillips, by U.S.
Mail this  29th  day of September 1999 .

                                                                    D



CFN 20040339152
OR BK 17103 PG 1775
RECORDED 06/11/2004 00:35:00
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

CODE ENFORCEMENT ORDER

CITY OF LAKE WORTH, FLORIDA

**ORDER FINDING VIOLATION AND**
**DENYING MOTION TO RECUSE AND**
**DENYING MOTION TO DISMISS**

CITY OF LAKE WORTH,

    Petitioner,

                               Case No. CE04030255

v.

CHARLOTTE TAYLOR,
    Respondent.
_____/

Re: Violation of, SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) –
LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) FENCES, LWZC 23.21.07.02 (D) 2 –
PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 –
ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6
– BUILDING MAINTENANCE, SHCA 305.4 MEANS OF EGRESS, of the Code of Ordinances of
the City of Lake Worth.

          Address:      1121 S. Federal Highway
                          Lake Worth, Florida
Legal Description:   ADD 1 TO TOWN OF LAKE WORTH LT 14 BLK 48
                          PNC: 38-43-44-27-01-048-0140

      The Special Master appointed by the City Council to hear code enforcement cases for the
City of Lake Worth, in accordance with Chapter 162, Florida Statutes, has heard testimony at the
Code Enforcement Hearing held on the 29th day of April, 2004, and based on the evidence and
testimony presented, the following FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER
are hereby entered:

**FINDINGS OF FACT**

E

NOT A CERTIFIED COPY

1.      The Respondent, CHARLOTTE TAYLOR, was present at the hearing, and there was a finding of proper notice.

2.      The City Code Inspector testified to and produced photographs of the violations.

3.      Respondent made a Motion to Recuse and a Motion to Dismiss.

<u>CONCLUSIONS OF LAW</u>

Respondent is in violation of SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) – LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) FENCES, LWZC 23.21.07.02 (D) 2 – PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 – ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6 – BUILDING MAINTENANCE, SHCA 305.4 MEANS OF EGRESS of the Code of Ordinances of the City of Lake Worth.

<u>ORDER</u>

It is the Order of the Code Enforcement Special Master that Respondent, CHARLOTTE TAYLOR shall comply with SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) – LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) FENCES, LWZC 23.21.07.02 (D) 2 – PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 – ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6 – BUILDING MAINTENANCE, SHCA 305.4 MEANS OF EGRESS of the Code of Ordinances of the City of Lake Worth by the 5th day of July, 2004.

If Respondent does not comply within the time specified, a fine of up to one-hundred-dollars ($100.00) per day shall be assessed for each day the violation continues to exist.

The Motion to Recuse and the Motion to Dismiss are denied.

A Fine Assessment Hearing will be held before the Special Master on the 29th day of July, 2004, at 9:30 a.m. at the City of Lake Worth, 7 North Dixie Highway, Lake Worth, Florida.

Respondent shall be assessed two-hundred eighty-one dollars and fifty-three cents ($281.53) for administrative costs and one-hundred-fifty-dollars ($150.00) for re-inspections to be paid in full by the 5th day of July, 2004. Inspections shall take place during the weeks of October 25, 2004 and April 24, 2005.

A certified copy of this Order may be recorded in the Public Records of Palm Beach County, Florida, and, once recorded, shall constitute a lien against the property of the original amount upon which the violation existed and upon any other real or personal property owned by the Respondent, pursuant to Chapter 162, <u>Florida Statutes</u> for the original amount.

Upon complying, it is the responsibility of the Respondent to notify the Lake Worth Code Enforcement Clerk at (561) 586-1652 to request a reinspection of the property.

DONE AND ORDERED this 29ᵗʰ day of April, 2004.

CITY OF LAKE WORTH
CODE ENFORCEMENT

BY: _____
Special Master

STATE OF FLORIDA        )
COUNTY OF PALM BEACH    ) SS
CITY OF LAKE WORTH      )

I hereby certify the foregoing to be a true and correct copy
of _____
_____

In Witness whereof, I have hereunto set my hand and affixed the official seal of the City of Lake Worth, Florida.

5/11/04                _____
Date                    City Clerk

NOT A CERTIFIED COPY

---

**Book17103/Page1777**                    **Page 3 of 3**

```
CF   20040524906
OR BK 17508 PG 1782
RECORDED 09/15/2004 11:37:24
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court
```

CODE ENFORCEMENT ORDER

CITY OF LAKE WORTH, FLORIDA

**ORDER ASSESSING FINE**
**AND ORDER DENYING MOTION TO STAY**

CITY OF LAKE WORTH,

    Petitioner,

                           Case No. CE 04030255

v.

CHARLOTTE TAYLOR,
    Respondent.

_____/

Re: Violation of, SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) – LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) – FENCES, LWZC 23.21.07.02 (D) 2 – PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 – ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6 – BUILDING MAINTENANCE, SHCA 305.4 – MEANS OF EGRESS of the Code of Ordinances of the City of Lake Worth.

        Address:       1121 S FEDERAL HIGHWAY
                       Lake Worth, Florida
    Legal Description:    ADD 1 TO TOWN OF LAKE WORTH LT 14 BLK 48

    The Special Master appointed by the City Council to hear code enforcement cases for the City of Lake Worth, in accordance with Chapter 162, Florida Statutes, has heard testimony at the Code Enforcement Hearing held on the 29th day of July, 2004, and based on the evidence and testimony presented, the following FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER are hereby entered:

**FINDINGS OF FACT**

1.    *The Respondent, CHARLOTTE TAYLOR, was present and testified at the hearing.*

2.    There was a finding of proper notice.

NOT CERTIFIED COPY

3.   The City presented evidence regarding the violation.

4.   Michael Phillips also testified at the hearing.

5.   The Respondent, CHARLOTTE TAYLOR, filed a Motion To Stay.

<u>CONCLUSIONS OF LAW</u>

Respondent remains in violation of Section SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) – LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) – FENCES, LWZC 23.21.07.02 (D) 2 – PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 – ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6 – BUILDING MAINTENANCE, SHCA 305.4 – MEANS OF EGRESS of the Code of Ordinances of the City of Lake Worth.

<u>ORDER</u>

It is the Order of the Code Enforcement Special Master that Respondent, CHARLOTTE TAYLOR, shall immediately comply  with Section SHCA 307.4.2 (2) – LANDSCAPE REQUIREMENTS, SHCA 307.4.2 (4) – LANDSCAPE MAINTENANCE, LWZC 23.21.07.02 (E) – FENCES, LWZC 23.21.07.02 (D) 2 – PROHIBITED FENCE MATERIAL, SHCA 305.14 – PROTECTIVE TREATMENT, SHC 305.3 – ROOFS, FBC 104.1.1 – PERMITS WHEN REQUIRED, FBC 105.6 – INSPECTIONS, SHCA 101.6 – BUILDING MAINTENANCE, SHCA 305.4 – MEANS OF EGRESS of the Code of Ordinances of the City of Lake Worth.

A fine of two-thousand-five-hundred-dollars ($2500.00) is hereby assessed for the violation that has existed.  The fine is imposed for the period from the 5th day of July,2004, through the 29th day of July, 2004, and will continue to accrue at one-hundred-dollars ($100.00) per day for each day the violation continues to exist.

Respondent shall be assessed three-hundred-thirty-seven-dollars and twenty-three-cents ($337.23) for administrative costs.

The Respondent's Motion To Stay is denied.

A certified copy of this Order may be recorded in the Public Records of Palm Beach County, Florida; and, once recorded, shall constitute a lien against the property of the original amount upon which the violation existed and upon any other real or personal property owned by the Respondent, pursuant to Chapter 162, <u>Florida Statutes</u> for the original amount.

Upon complying, it is the responsibility of the Respondent to notify the Lake Worth Code Enforcement Clerk at (561) 586-1652  to request a reinspection of the property.

DONE AND ORDERED this 29th day of July, 2004.

CITY OF LAKE WORTH
CODE ENFORCEMENT

BY: _____

Special Master

STATE OF FLORIDA        )
COUNTY OF PALM BEACH    ) SS
CITY OF LAKE WORTH      )
I hereby certify the foregoing to be a true and correct copy
of _Case #CE 04030255 Order_
_Granting Fine and Order Denying_
_motion to stay_
In Witness whereof, I have hereunto set my hand and
affixed the official seal of the City of Lake Worth, Florida.

_8/9/04_            _____
Date                          City Clerk

NOT A CERTIFIED COPY

Book17508/Page1784                    Page 3 of 3



IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA.

CASE NO. 501999 CA010548 AN

CHARLOTTE TAYLOR,

     Plaintiff,

v.

GREENPOINT MORTGAGE
CORPORATION, et al,

     Defendants.         /

### ORDER REVOKING AND RESCINDING ORDER DIRECTING CLERK TO DISBURSE SURPLUS FUNDS; DIRECTING PLAINTIFF NOT TO CASH SURPLUS FUNDS CHECK AND TO RETURN SUCH CHECK TO THE CLERK OR COURT; AND DIRECTING CLERK TO DISBURSE SURPLUS FUNDS TO THE CITY OF LAKE WORTH

THIS MATTER came before the Court on July 13, 2005, on an evidentiary hearing upon Plaintiff, Charlotte Taylor's Motion For Entitlement to Surplus Funds, and the Court having heard testimony of the Plaintiff, Charlotte Taylor, Defendant, Michael Phillips, and of the City of Lake Worth, and having received documentary evidence from such parties, and having come before the Court upon the City of Lake Worth's oral Motion under Rule 1.540 (b) of the Florida Rules of Civil Procedure for Relief from the Order Directing Clerk To Disburse Surplus Funds, and the Court being otherwise fully advised in the premises, the Court makes the following findings:

1.  The Order entered by the Court on June 16, 2005, directing the Clerk to disburse any remaining funds in the Court's registry to Charlotte Taylor was entered in error and was void in that the Order was entered without an evidentiary hearing and without any hearing or notice to the parties.

NOT A CERTIFIED COPY

2.  The City of Lake Worth recorded in the public records certified copies of Code Enforcement Orders against Michael M. Phillips on September 7, 1999, and on October 1, 1999.

3.  The property that is the subject of this action was titled in the name of Michael Phillips on September 7, 1999.

4.  By virtue of the provisions of Section 162.09(3), Florida Statutes, the Code Enforcement Orders were liens against the subject property beginning with September 7, 1999.

5.  The Code Enforcement Orders remained in effect at the time of the hearing. The amount of the City of Lake Worth's liens as of April 1, 2005, was $303,600.00. These liens are unpaid and not satisfied.

6.  The claimed basis for Plaintiff, Charlotte Taylor's, lien on the subject property, a Final Judgment against Michael Phillips in the amount of $95,639.00 in Case No. 98-009461 AE in the Circuit Court for Palm Beach County, did not contain the address of Charlotte Taylor.

7.  Plaintiff, Charlotte Taylor, did not record an affidavit containing her address when she recorded a certified copy of the Final Judgment.

8.  Pursuant to the provisions of Section 55.10(1), Florida Statutes, the Final Judgment of the Plaintiff, Charlotte Taylor, did not become a lien upon the subject property. See, Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998); Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055 (Fla. 4th DCA 2001).

9.  The City of Lake Worth has prior liens upon the subject property and is entitled to the surplus funds before the record owner of the property. United States v. Sneed, 620

So.2d 1093 (Fla. 1st DCA 1993).

Based upon the above findings, it is hereby ORDERED as follows:

1. The Order entered by the Court on June 16, 2005, directing the Clerk to disburse any remaining funds in the Court's registry to Charlotte Taylor is hereby revoked and rescinded.

2. Plaintiff, Charlotte Taylor, is directed and ordered not to cash the check from the Clerk & Comptroller, disbursing the remaining funds. Plaintiff, Charlotte Taylor, is further ordered to return such check to the Court or to the Clerk.

3. The City of Lake Worth is entitled to the remaining surplus funds after the payment of $53,000.00 to Greenpoint Mortgage Corporation.

4. Upon receipt of the surplus funds from the Plaintiff, Charlotte Taylor, the Clerk is hereby directed to pay the remaining surplus funds to the City of Lake Worth through its City Attorney, Larry A. Karns at 7 North Dixie Highway, Lake Worth, Florida 33460.

IT IS SO ORDERED in West Palm Beach, Palm Beach County, Florida, this _____ day of July 2005.

_____
Circuit Judge

cc:   All parties on the attached service list

3

Service List

Echevarria & Associates, P.A
P.O. Box 25018
Tampa, Florida 33622-5018

Michael M. Phillips
c/o Marjorie Cneover, Esq.
140 Paddock Lane
Greenacres, Florida 33413

Charlotte Taylor
P.O. Box 3514
Boynton Beach, Florida 33424

Michael Phillips
c/o Donald Appignani, Esq.
4300 North University Drive
Suite D-106
Lauderhill, Florida 33351

Maria Granja
129 Saratoga Blvd., East
Royal Palm, Florida 33411

Palm Beach County
c/o Denise M. Nieman, Esq.
County Attorney
301 North Olive Avenue
Suite 601
West Palm Beach, Florida 33401

Larry A. Karns, Esq.
7 North Dixie Highway
Lake Worth, Florida 33460

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY, FLORIDA.
CIVIL ACTION.

CITY OF LAKE WORTH, Florida, a Florida
municipal corporation,

      Plaintiff,

v.

CHARLOTTE TAYLOR and MICHAEL M.
PHILLIPS,

      Defendants.

CASE NO.

50 2007 CA 013909 XXXX ME

Complaint to Foreclose Special
Assessments and Code
Enforcement Orders Under
Chapter 162

## ANSWER TO COMPLAINT

I am Michael M. Phillips, in local business providing safe and
affordable housing to the public, in competition with other landlords
in this neighborhood.

In answering this summons, we respectively ask the Court to abruptly
throw out this "cause of action" as besides its meritless nature; it
purports to link my real-estate business with a 1998 plaintiff trying
to harrass my tenants and interfere with my nearby residence (at 2520
Lake Osborne Drive in the same city of jurisdiction.). There is no
"lis pendens", as I am the sole owner of this lot, upon which there is
no mortgage).

The criminal ploy of the sub-state plaintiff here is to gamble for a
court judgement he can then collect from (as I own inexhaustible
Trust monies)....and he consciously perpetrates this crime after already
trying to "out-source" my residential mortgage to non-citizen interests.

As contrasted with civil choices, all crimes can be prevented...but when un-prosecuted, as has occurred since 1998, the corruption of a (sub-) culture of crime (white-collar) will lead---and has led---to this situation.

In youth, we are taught to be non-violent as we expect the "system" to establish justice. But in the absence of justice...were we mis-taught?

Consider: my home town, which refuses to protect me from felony crime... even when it enters from Georgia...now wants to IMPOSE the felon onto my estate?  And you ask me to allow this?

If this is un-occupied America, what choice do I have but  TO BE ensnared into this felony crime scheme ...or resist, as the defendant I am, relying on private property to generate income to pay taxes. All the forgoing...1998 to present...sadly fits a pattern of tolerance for felony crime done by females...but would never be tolerated from non-females.

Since 1998, most of what we've suffered from the courts, has been unaccountable imperialism  during the  Bush-fascist-regeime.


Sd; _____                     Dated Sept. 26, 2007
        Michael  M. Phillips
        former Peace CorpsVolunteer
        U.S. State Dept. 1960s

NOT A CERTIFIED COPY

THIS INSTRUMENT PREPARED BY
AND RECORD AND RETURN TO:
WILLIAM M. HARVEY, Esq.
Harvey, Waddell & Monahan
101 North J Street
Lake Worth, FL 33460
Property Appraiser's Parcel
ID Number:38-43-44-29-05-000-0970
Grantee's Tax ID Number:▓▓▓▓▓▓

APR-09-1997  8:41am 97-122790
ORB  9735 Pg 1262
Con      95,000.00 Doc      665.00
DOROTHY H. WILKEN, CLERK PB COUNTY, FL

## W A R R A N T Y   D E E D

This Indenture, made this 18th day of MARCH, A.D. 1997 Between

DOROTHY W. ALLEN, an unremarried widow, surviving spouse of
CHARLES M. ALLEN, Deceased, Grantor[1],

and

MICHAEL M. PHILLIPS

whose post office address is   2520 Lake Osborne Drive, Lake Worth, FL 33461
Grantee[1].

WITNESSETH:  That said grantor for and in consideration of the sum of
TEN AND 00/100 DOLLARS ($10.00) and other valuable considerations to said grantor
in hand paid by said grantee, the receipt whereof is hereby acknowledged, has
granted, bargained and sold to the said grantee, and grantee's heirs and assigns
forever, the following described land, situate, lying and being in Palm Beach
county, Florida, to-wit:

Lot 97, LAKE OSBORNE TERRACE, according to the
Plat thereof on file in the Office of the Clerk
of the Circuit Court in and for Palm Beach County,
Florida, recorded in Plat Book 25, page 21.

Subject to all restrictions, reservations and easements of
record and taxes subsequent to the year 1996.

and said grantor does hereby fully warrant the title to said land, and will
defend the same against the lawful claims of all persons whomsoever.

[1]"Grantor" and "Grantee" are used for singular or plural, as context
requires.

IN WITNESS WHEREOF, the Grantor has set grantor's hand and seal the day
and year first above written.

signed, sealed and delivered
in the presence of:

Printed Name: William M. Harvey

Printed Name: Doris C. Irwin

DOROTHY W. ALLEN

STATE OF FLORIDA
COUNTY OF PALM BEACH

THE FOREGOING INSTRUMENT was acknowledged before me this 18th day of
MARCH, A.D.1997, by DOROTHY W. ALLEN, an unremarried widow,
surviving spouse of CHARLES M. ALLEN, Deceased, who is personally known
to me, and who did take an oath.

My Commission Expires:

Doris C. Irwin
NOTARY PUBLIC, State of Florida

DORIS C. IRWIN
MY COMMISSION # CC 343073
EXPIRES: February 5, 1998
Bonded Thru Notary Public Underwriters

This Instrument Prepared by and Return to:

Emory C. Jordan, III, P.A.
415 Second Avenue North
Lake Worth, Florida 33460

Property Appraisers Parcel Identification (Folio) Numbers:
38434427010480140

Grantee SS #: ▓▓▓▓▓▓

AUG-31-1994  2:58pm 94-296896
ORB  8409 Pg  849
Con     55,000.00  Doc      385.00
DOROTHY H WILKEN
CLERK OF THE COURT - PB COUNTY, FL

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

**THIS WARRANTY DEED,** made the **31st** day of **August**, A.D. **1994** by **Clara P. Cotter, a single person** herein called the grantor, to **Michael M. Phillips, a single person** whose post office address is: 1121 South Federal Highway , Lake Worth , FL 33460 hereinafter called the Grantee:

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**W I T N E S S E T H:** That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in Palm Beach County, State of Florida, viz:

**Lot Fourteen (14), Block Forty-eight (48), Addition No. 1 to Town of Lake Worth, according to the Plat of Record in Plat Book 5, pages 6 to 9, inclusive, in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida.**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

SUBJECT to conditions, restrictions, reservations, limitations, easements and dedications of record, and taxes for 1994 and subsequent years.

**TO HAVE AND TO HOLD,** the same in fee simple forever.

**AND,** the grantor hereby covenants with said grantee that the grantor is/are lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1993.

**IN WITNESS WHEREOF,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

Signature
Printed Signature  EMORY C JORDAN III

Signature
Printed Signature  Marjatta Laari

Clara P. Cotter                                      L.S.
Clara P. Cotter
1121 South Federal Highway, Lake Worth, FL 33460

**STATE OF FLORIDA**
**COUNTY OF Palm Beach**

The foregoing instrument was acknowledged before me this 31st day of August, 1994 by Clara P. Cotter   who is/are personally known to me or has produced _I.D. Card_ as identification and did (did not) take an oath.

SEAL          OFFICIAL SEAL
              MARJATTA LAARI
              My Commission Expires
              APRIL 15, 1995
              COMMISSION NO. CC099108
              Bonded Through Auto-Owners Insurance Co.

Marjatta Laari
Notary Signature
Marjatta Laari
Printed Notary Signature
My Commission Expires:

000039

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY, FLORIDA.
CIVIL ACTION.

9/25/01

6330

CITY OF LAKE WORTH, Florida, a Florida
municipal corporation,

CASE NO.

   Plaintiff,

50 2007CA 013909 XXXX MB

v.

CIVIL ACTION SUMMONS

CHARLOTTE TAYLOR and MICHAEL M.
PHILLIPS,

   Defendants.

_____/

THE STATE OF FLORIDA
To Each Sheriff of the State:

   YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition in this action on defendant:

MICHAEL M. PHILLIPS
7730 N.W. 50TH STREET, APT. 107
Lauderhill, Florida 33351

   Each defendant is hereby required to serve written defenses to said complaint or
petition on plaintiff's attorney

LARRY A. KARNS, ESQUIRE
7 North Dixie Highway
Lake Worth, FL 33460

within **20 days** after service of this summons upon you, exclusive of the day of service, and
to file the original of said written defenses with the clerk of said court either before service
on plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be
entered against you for the relief demanded in the complaint or petition.

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY, FLORIDA.
CIVIL ACTION.

City of Lake Worth, Florida, a Florida
municipal corporation,

     Plaintiff,

v.

Charlotte Taylor and Michael M. Phillips,

     Defendants.

_____/

CASE NO.

50 2007CA013909 XXXX MP

NOTICE OF LIS PENDENS

COPY
RECEIVED FOR FILING
AUG 2 1 2007
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

TO: DEFENDANTS, CHARLOTTE TAYLOR and MICHAEL M. PHILLIPS; AND ALL
OTHERS TO WHOM IT MAY CONCERN:

     NOTICE IS HEREBY GIVEN that a suit was instituted, on the date of this Notice,
in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach
County, by the City of Lake Worth, Florida, against Charlotte Taylor and Michael M.
Phillips involving real property situated in Palm Beach County, Florida.

     The relief sought against the property is a foreclosure of special assessment liens,
and Code Enforcement Orders, created in accordance with Chapter 162, Florida Statutes,
relating to Code Enforcement Boards.

     The property described is the property located at 1121 South Federal Highway,
Lake Worth, Florida, more particularly described as:

     "Lot 14, Block 48, Addition No. 1 to Town of Lake Worth,
     according to the plat thereof on file in the Office of the Clerk of
     the Circuit Court in and for Palm Beach County, Florida recorded
     in Plat Book 5, Pages 6 to 9, inclusive.

as well as real and personal property of Charlotte Taylor and Michael M. Phillips, except real property of these defendants which is a homestead under Section 4, Article X of the Florida State Constitution.

DATED this __21st__ day of __august__, 2007.

LARRY A. KARNS
7 North Dixie Highway
Lake Worth, Florida 33460-3787
(561) 586-1631

BY: _____
LARRY A. KARNS
Florida Bar No. 181591

NOT A CERTIFIED COPY

000043

# VERIFIED RETURN OF SERVICE

State of Florida                    County of Palm Beach                    Circuit Court

Case Number: 50 2007 CA 13909 XXXX MB AI

Plaintiff:
**CITY OF LAKE WORTH**

vs.

DefendantS:
**CHARLOTTE TAYLOR and MICHAEL M PHILLIPS**

For:
Larry A Karns Esquire
CITY OF LAKE WORTH - CITY ATTORNEY
7 North Dixie Highway
Lake Worth, FL 33460

Received by RD STROHACKER INVESTIGATIONS on the **21st day of August, 2007** at 10:00 am to be served on **MICHAEL M. PHILLIPS, 7730 N.W. 50 STREET APT. 107, LAUDERHILL, FL 33351.**

I, Edward A Shapiro, do hereby affirm that on the **25th day of September, 2007** at 6:33 pm, I:

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS and COMPLAINT WITH EXHIBITS and NOTICE OF LIS PENDENS** to: **MICHAEL M. PHILLIPS** at the address of: **7730 N.W. 50 STREET APT. 107, LAUDERHILL, FL 33351** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, defendant is not in the military service of the United States.

I, ACKNOWLEDGE I am over the age of 18 and have no interest in the above action. I have been properly certified as a process server by Administrative Order 88-31 and am currently certified to serve process pursuant to the provisions of the order. Pursuant to F.S. 95.525, "Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true and correct." NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Edward A Shapiro
S.P.S. # 696

**RD STROHACKER INVESTIGATIONS**
**1111 Crestwood Boulevard**
**Suite A**
**Lake Worth, FL  33460**
**(561) 588-1802**
Our Job Serial Number: 2007001805
Ref: 1394 LkWorth/Taylor,Charlotte&Phillps,Mi

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.1b

ORIGINAL

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH
COUNTY, FLORIDA.
CIVIL ACTION.

CITY OF LAKE WORTH, Florida, a Florida   CASE NO.
municipal corporation,

    Plaintiff,

v.

CHARLOTTE TAYLOR and MICHAEL M.
PHILLIPS,

    Defendants.

_____/

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

MICHAEL M. PHILLIPS
7730 N.W. 50TH STREET, APT. 107
Lauderhill, Florida 33351

    Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney

LARRY A. KARNS, ESQUIRE
7 North Dixie Highway
Lake Worth, FL 33460

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

*ORIGINAL*

WITNESS MY HAND AND SEAL of said Court.

Dated on _____ 2007.

AUG 2 1 2007.

Sharon R. Bock
As Clerk & Comptroller

By:_____
Deputy Clerk

SANDRA CUEVA

NOT A CERTIFIED COPY

SHARON R. BOCK
Clerk & Comptroller

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA.

CIVIL CASE NO. 50 2007 CA 013909 XXXXMB AI

CITY OF LAKE WORTH, Florida,
a Florida municipal corporation,

      Plaintiff,

v.

CHARLOTTE TAYLOR and
MICHAEL M. PHILLIPS,

      Defendants.

_____/

AMENDED COMPLAINT TO FORECLOSE CODE ENFORCEMENT LIENS

      Plaintiff, City of Lake Worth, Florida, a Florida municipal corporation, sues
the defendants, CHARLOTTE TAYLOR (hereinafter "Defendant Taylor") and
MICHAEL M. PHILLIPS (hereinafter "Defendant Phillips"), and alleges as
follows:

GENERAL ALLEGATIONS

1.     This is an action to foreclose Code Enforcement Orders on real and
property pursuant to Chapter 162 F.S.).

2.     The property that is the subject of this action is located in Palm Beach
County, Florida.

3.     Plaintiff, City of Lake Worth, Florida (hereinafter "City"), is a Florida
municipal corporation located in Palm Beach County, Florida.

4.     It has become necessary for the City to prosecute this action through the
undersigned counsel. Defendants Taylor and Phillips are obligated by virtue of
the provisions of Section 162.10, Florida Statutes, to reimburse the City for these
expenses.

5.    Defendant Phillips may claim an interest in the property by virtue of that certain warranty deed in Official records Book 8409 at Page 849 of the Public records of Palm Beach County, Florida.  Such interest is inferior to that of the Plaintiff.

6.    Defendant Taylor may claim an interest in the Property by virtue of those certain Claims of Lien recorded in Official Records Book 10680 at page 673 and in Book 10704 at Page 49; by virtue of that certain Sheriff's Deed recorded in Official Records Book 14078 at Page 1806; by virtue of that certain Notice of Lis Pendens recorded in Official Records Book 20566 at Page 1221; and by virtue of that certain Final Judgment recorded in Official Records Book 11250 at Page 412 and in Book 11319 at page 1861.  Such interest is inferior to that of the City.

7.    Any claim or interest of the Defendant in the subject property is inferior to that of the Plaintiff.

<div align="center">COUNT I</div>

8.    The Plaintiff realleges and restates paragraphs 1 through 7 set forth herein above.

9.    At all relevant and material, Defendant Phillips, was the owner of real property located at 1121 South Federal Highway, Lake Worth, Florida, more particularly described as follows:

    Lot 14, Block 48, Addition No. 1 to Town of Lake Worth, according to the Plat thereof, recorded in Plat Book 5, Pages 6 to 9, inclusive, in the Office of the Circuit Court in and for Palm Beach County, Florida (hereafter the "Property").

10.    On August 26, 1999, the City of Lake Worth Code Enforcement Board (hereinafter "Board"), entered an Order Finding Violation and Imposing Fine, finding Defendant Phillips, the then owner of the Property, in violation of numerous provisions of the City of Lake Worth Code of Ordinances as described in the Order.  This Order provided that Defendant Phillips was to correct the violations by no later than September 15, 1999.  A copy of this Order Finding Violation and Imposing Fine is attached to the Complaint as Exhibit A.

<div align="center">2</div>

11.     A certified copy of the Order Finding Violation and Imposing Fine has been recorded in Official Records Book 11334 at Page 544 of the Public Records of Palm Beach County, Florida.

12.     The Order Finding Violation and Imposing Fine provided for a fine of $150.00 per day for each and every day the violations continued to exist after September 15, 1999.

13.     Defendant Phillips failed to comply with the above Order Finding Violation and Imposing Fine within the time period contained in the Order.

14.     Accordingly, on September 17, 1999, the Board entered a Statutory Order Imposing Fine/Lien.  A copy of this Statutory Order Imposing Fine/Lien is attached to the Complaint as Exhibit B.

15.     The Statutory Order Imposing Fine/Lien further provided that Defendant Phillips was to pay administrative prosecution costs of $207.00 and a mandatory inspection fee of $150.00.

16.     A certified copy of the Statutory Order Imposing Fine/Lien has been recorded in Official Records Book 11378 at Page 406 of the Public Records of Palm Beach County, Florida.

1.     Defendant Phillips failed to comply with the above Code Enforcement Orders and thus fines accumulated under these Orders.  Defendant Phillips has permitted the property to be in violation throughout this period of time.

18.     There is now owing and unpaid to the City of Lake Worth a total sum of $487.550.00 plus interest, costs and attorney's fees computed at the rate of $150.00 a day in accordance with the Orders described in Exhibits A and B.

19.     The violations of the City of Lake Worth Code of Ordinances occurred on the Property as described in paragraph 4 above, which at the time was owned by Defendants Phillips.  Accordingly, the recording of the certified copies of the Code Enforcement Orders in the public records constituted a lien against the above-described real Property, and against any other real or personal Property owned by Defendant Phillips.

3

WHEREFORE, plaintiff, City of Lake Worth, Florida, respectfully prays that this Court grant the following relief:

(a)     Take jurisdiction of this cause and the parties;

(b)     Adjudge that plaintiff has a lien on the real Property described in paragraph 8 of the Complaint for the amount of $487,550.00 plus interest, costs and reasonable attorney's fees superior to the rights of Defendant Phillips and all persons claiming by, through or under them, and require payment of this balance.

( c)     Adjudge that plaintiff has a lien on the real Property described in paragraph 8 of the Complaint and upon any other real and personal Property of Defendant Phillips, superior to the rights of the Defendants and all persons claiming by, through or under them, and require payment of this balance plus interest, reasonable attorney's fees, court cots and expenses;

(d)     Enter an order permitting the foreclosure of the City's lien against the subject Property and of any other real and personal Property of Defendant Phillips in accordance with the provisions of Section 162.09(3) F.S., and order a sale of said Property in the event that the Defendant do not satisfy the amount of the City's lien in this action, and award a deficiency judgment against Defendant s in the event the Property is not of sufficient value to satisfy the liens of plaintiff;

(e)     Tax all costs of this action to foreclose the subject lien against the Defendants and award reasonable attorney's fees to the City;

(f)     Grant such other and further relief as may be just and equitable.

COUNT II – Enforcement of Final Judgment

The Plaintiff realleges and restates paragraphs 1 through 18 set forth herein above.

20.     In 1999, a quiet title action was initiated by Defendant Taylor, in *Charlotte Taylor v Greenpoint Mortgage Corporation and Michael Phillips* (Case No. 50 1999 CA010548 AN) in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida (the Greenpoint" case).

21.     Judge Winikoff conducted an evidentiary hearing in that action on July 13, 2005 concerning the subject of the priority of the City's code enforcement liens.

All interested parties were at the hearing and in particular Michael Phillips and Charlotte Taylor as recited in the order.(copy attached as Exhibit C).

22.    The Greenpoint trial court found that the City of Lake Worth had recorded in the public records of Palm Beach County certified copies of the code enforcement orders against Michael M Phillips on September 7, 1999 and on October 1, 1999.

23.    The Greenpoint trial court also found, that as a matter of law, that the code enforcement orders were liens against the property beginning September 7, 1999 in accordance with section 162.09(3) F.S.

24.    The Greenpoint trial court further found that City's liens were in effect at the time of the hearing and that the liens were unpaid and not satisfied. The court further found that as of April 1, 2005 the liens had accrued to the amount of $303,600.00.

25.    Additionally, the Court found that the City's liens upon the property were in effect prior to the claim of Defendant Charlotte Taylor and that the City was entitled to any surplus from the sale fr the property as a result of the quiet title action.

26.    Judge Winikoff directed the clerk of the court to disburse the surplus funds from the sale of the property and that they be paid to the City of Lake Worth.

27.        Charlotte Taylor filed an appeal with respect to the subject order Michael Phillips did appeal the subject order.

28.    In Taylor v. Greenpoint Mortg. Corp., 939 So. 2d 137, Fla. 4th DCA 2006 the appellate court held that Taylor failed to timely appeal Judge Winikoff's order of July 15, 2005 and dismissed the appeal.

29.    Following the untimely appeal, the Greenpoint was assigned to trial Judge Fine who entered an order on September 12, 2008 directing the Clerk of the Court to pay the remaining surplus funds form the sale of the property ($138,100) to the City of Lake Worth. (copy attached as Exhibit D).  After Taylor's unsuccessful appeal of Judge Fine's order of September 12, 2008, Judge Fine enter an order on April 21, 2010 again direct the Clerk of the Court to disperse the surplus funds to the Plaintiff (copy attached as Exhibit E).

30.     The above referenced Orders of this court have not been modified or altered by the appellate court and the judicial labor of all courts relating to subject Orders Order of has come to a definitive end and it is unequivocal that the Clerk of the Court has been directed to turn the subject funds over to the City of Lake Worth. The Clerk has issued a check in the amount of $138,100 to the Plaintiff as directed (copy attached as attached as Exhibit F).

31.     The plaintiff believes that Defendants Phillips may own other real or personal Property located in Palm Beach County, Florida, or elsewhere. Therefore, this action is also brought pursuant to the provisions of Chapter 162.09, Florida Statutes, to foreclose on the Code Enforcement Orders, and thus plaintiff is requesting that this Court permit plaintiff to foreclose upon the real Property described in paragraph 4 above, as well as upon any other real and personal Property owned by Defendants Taylor or Phillips. Defendant Taylor acquired title to the property described in paragraph 8 above by way of Sheriff Deed on June 4, 2002.

        WHEREFORE, plaintiff, City of Lake Worth, Florida, respectfully prays that this Court grant the following relief:

(a)     Take jurisdiction of this cause and the parties;

(b)     Adjudge that plaintiff has a lien on the real Property described in paragraph 4 of the Complaint for the amount of $164,900 based upon the partially satisfied judgment of July 18, 2005 in *Taylor v GreenPoint et al* (Case No.50-1999-CA-10548 AN) plus interest, costs and reasonable attorney's fees and that such lien is superior to the rights of defendants and all persons claiming by, through or under them, and require payment of this balance.

(c)     Adjudge that plaintiff has a lien on the real Property described in paragraph 8 of the Complaint and upon any other real and personal Property of Defendant Phillips, for the amount of $164,900 plus interest, costs and reasonable attorney's fees, superior to the rights of the Defendants Phillips and Taylor and all persons claiming by, through or under them, and require payment of this balance plus interest, reasonable attorney's fees, court cots and expenses;

6

(d)    Enter an order permitting the foreclosure of the lien against the subject Property and of any real and personal Property of Defendant Phillips in accordance with the provisions of Section 162.09(3) F.S., and order a sale of said Property in the event that the Defendants Phillips or Taylor do not satisfy the amount of the lien owed to the City in this action, and award a deficiency judgment against Defendants in the event the Property is not of sufficient value to satisfy the lien of the City;

(e)    Tax all costs of this action against the Defendants, and award reasonable attorney's fees to the plaintiff;

(f)    Grant such other and further relief as may be just and equitable.

## COUNT III

32.    The Plaintiff realleges and restates paragraphs 1 through 7 set forth herein above.

33.    By Sheriff's Deed on June 4, 2002, Defendant Taylor became the owner of real property located at 1121 South Federal Highway, Lake Worth, Florida, more particularly described as follows:

> Lot 14, Block 48, Addition No. 1 to Town of Lake Worth, according to the Plat thereof, recorded in Plat Book 5, Pages 6 to 9, inclusive, in the Office of the Circuit Court in and for Palm Beach County, Florida (hereafter the "Property").

34.    On April 29, 2004, the City of Lake Worth Special Master (hereinafter "Master"), entered an Order Finding Violation, finding Defendant Taylor in violation of numerous provisions of the City of Lake Worth Code of Ordinances as described in the Order. This Order provided that Defendant Taylor was to correct the violations by no later than July 5, 2004. A copy of this Order Finding Violation is attached to the Complaint as Exhibit G.

35.    A certified copy of the Order Finding Violation has been recorded in Official Records Book 17103 at Page 1775 of the Public Records of Palm Beach County, Florida.

7

36.     The Order Finding Violation provided for a fine of $100.00 per day for each and every day the violations continued to exist after July 5, 2004.  The Order further provided that Taylor was to pay administrative prosecution costs of $281.53 and a mandatory inspection fee of $150.00.

37.     Defendant Taylor failed to comply with the above Order Finding Violation within the time period contained in the Order.

38.     Accordingly, at a subsequent time, the Master entered an Order Assessing Fine.  A copy of this Statutory Order Imposing Fine/Lien is attached to the Complaint as Exhibit H.

39.     The Order Assessing Fine further provided that Defendant Taylor was to pay administrative prosecution costs of $337.23.

40.     A certified copy of the Order Assessing Fine has been recorded in Official Records Book 17508 at Page 1782 of the Public Records of Palm Beach County, Florida.

41.     Defendant Taylor failed to comply with the above Code Enforcement Orders and thus fines accumulated under these Orders.  Defendant Taylor further did not pay the administrative prosecution costs of $618.76 or the mandatory inspection fees of $150.00 as required by the Orders.  Defendant Taylor has permitted the property to be in violation throughout this period of time.

42.     Subsequent to the entry of the Order Finding Violation and Statutory Order Imposing Fine/Lien referenced above, the Defendant Taylor first occupied the property in July of 2005 based upon her sworn affidavit attached to her application for homestead exemption for the property located at 1120 South Federal Highway in Lake Worth Florida.(copy attached as Exhibit I).

43.     Additionally, Taylor's application for the year 2005 was denied by the Palm Beach County Value Adjustment Board A copy of the Order denying the homestead exemption is attached to the Complaint as Exhibit J.

44.     There is now owing and unpaid to the City of Lake Worth a total sum of $242,468.00 plus interest, costs and attorney's fees computed at the rate of $100.00 a day in accordance with the Orders described in Exhibits G and H.  There is

further owing and unpaid to the City of Lake Worth administrative prosecution costs of $618.76 and mandatory inspection fees of $150.00.

45.     The violations of the City of Lake Worth Code of Ordinances occurred on the Property as described in paragraph 4 above, which is owned by Defendant Taylor.  Accordingly, the recording of the certified copies of the Code Enforcement Orders in the public records constituted a lien against the above-described real Property, and against any other real or personal Property owned by Defendant Taylor in accordance with the provisions of Section 162.09(3), Florida Statutes.

46.     The plaintiff believes that Defendants Taylor may own other real or personal Property located in Palm Beach County, Florida, or elsewhere.  Therefore, this action is also brought pursuant to the provisions of Chapter 162.09, Florida Statutes, to foreclose on the Code Enforcement Orders, and thus plaintiff is requesting that this Court permit plaintiff to foreclose upon the real Property described in paragraph 31 above, as well as upon any other real and personal Property owned by Defendants Taylor or Phillips.

        WHEREFORE, plaintiff, City of Lake Worth, Florida, respectfully prays that this Court grant the following relief:

(a)     Take jurisdiction of this cause and the parties;

(b)     Adjudge that plaintiff has a lien on the real Property described in paragraph 4 of the Complaint for the amount of $242,468.00 plus interest, costs and reasonable attorney's fees superior to the rights of defendants and all persons claiming by, through or under them, and require payment of this balance.

( c)    Adjudge that plaintiff has a lien on the real Property described in paragraph 4 of the Complaint and upon any other real and personal Property of Defendants Taylor or Phillips, for the amount of $242,468.00 plus interest, costs and reasonable attorney's fees, as well as administrative prosecution costs of $373.23 and mandatory inspection fees of $150.00 superior to the rights of the Defendants and all persons claiming by, through or under them, and require payment of this balance plus interest, reasonable attorney's fees, court costs and expenses;

(d)     Enter an order permitting the foreclosure of the Property and of any real and personal Property of Defendant, Taylor in accordance with the provisions of

9

Section 162.09(3) and order a sale of said Property in the event that Defendant Taylor does not satisfy the amount owed to the City in this action, and award a deficiency judgment against Defendant Taylor in the event the Property is not of sufficient value to satisfy the liens of plaintiff;

(e)     Tax all costs of this action against the Defendant Taylor, and award reasonable attorney's fees to the City;

(f)     Grant such other and further relief as may be just and equitable.

TO ALL DEFENDANTS: PLEASE READ THE NEXT PAGE WHICH CONTAINS IMPORTANT INFORMATION IF YOU WANT TO DISPUTE THE VALIDITY OF THE DEBT WHICH PLAINTIFF IS ATTEMPTING TO COLLECT IN THIS LAWSUIT.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to: Michael M. Phillips, 7730 NW 50th Street, Apt. 107, Lauderhill FL 33351, and Charlotte Taylor 1121 South Federal Highway Lake Worth, FL 33460 by US mail this /8 day of February 2011.

ANDREW DeGRAFFENREIDT, III

Attorney for the Plaintiff

319 Clematis Street, Suite 602

West Palm Beach, FL 33401

(561) 596-6420

Florida Bar No. 0218121

10

CITY OF LAKE WORTH
BUILDING, PLANNING & ZONING DEPT.
7 NORTH DIXIE HIGHWAY
LAKE WORTH, FL 33460

CODE ENFORCEMENT BOARD
CITY OF LAKE WORTH FLORIDA

ORDER FINDING VIOLATION AND IMPOSING FINE

CASE NO.       99N-00321
Name and Address of Service:

Michael M Phillips
2290 Sunset Avenue      #4
Lake Worth, FL  33461

In regard to:

Lot 14, Block 48, ADDITION #1 TO THE TOWN OF LAKE WORTH, according to
the Plat of THE PALM BEACH FARMS COMPANY PLAT NO. 4, recorded in the
public records of Palm Beach County, Florida in Plat Book 5, Pages 6-9
inclusive a/k/a 1121 South Federal Highway.

RE: Violation of Code Section(s):

        SHCA 104.2.2 LICENSE REQUIRED FOR RENTAL PROPERTY
        BCEAB 104.1.1 & 105.6 PERMITS, INSPECTIONS
        BCEAB 104.1.1 & 105.6 PERMITS, INSPECTIONS
        SHC 302.6 KITCHEN FACILITIES
        SHC 304 MINIMUM REQUIREMENTS FOR ELECTRICAL SYSTEMS
        SHCA 307.4 CARE OF PREMISES

This matter was heard at a public hearing before the Board on
08/26/99, after due notice to the violator(s) and the Board
having heard testimony under oath, received evidence, and heard
argument of counsel (if any), makes the following FINDINGS OF
FACT, CONCLUSIONS OF LAW and ORDER:

I. FINDINGS OF FACT

    1.  The owner(s) of the above described property is(are):
        Michael M Phillips, hereafter referred to as the
        violator(s).

    2.  The violator(s) was (were) properly noticed of said violations
        and hearing under FS 162.12, and was (were) given reasonable time
        to correct same. The owner(s) failed to correct said violations(s)
        within the allowed time.

    3.  That the above described property was in violation of those
        sections of the City of Lake Worth Code as stated above.

    4.  The City of Lake Worth incurred costs in the amount of $207.00
        in successfully prosecuting this case.

II. CONCLUSIONS OF LAW

    1.  The Lake Worth Code Enforcement Board hereby finds the violator(s)
        guilty of violating the above referenced code sections.

    2.  Under section 2-69(c) of the Lake Worth Code of Ordinances and
        FS 162.07(2) the City of Lake Worth is entitled to recover all
        costs incurred in successfully prosecuting this action.

                        - page 1 of 2 -



EXHIBIT "A"

III. ORDER

It is the ORDER of this Board that the owner(s) Michael M Phillips comply with those sections of the Lake Worth City Code(s) listed above, by correcting each and every violation specifically listed by 3:00 pm on 9/15/99.

If Michael M Phillips, do(es) not comply by the date and time specified or once again violates the code section(s) as listed above following the time set for compliance herein, said owner(s) shall pay a fine in the amount of $150.00 per day for each and every day the violation(s) continue to exist.

If a finding of violation has been made as provided in Section 162.09, Florida Statutes, a hearing shall not be necessary for issuance of the Order imposing such a fine. **THE BURDEN SHALL REST UPON THE OWNER(S) TO REQUEST A REINSPECTION TO DETERMINE WHETHER THE VIOLATION(S) HAS/HAVE BEEN BROUGHT INTO COMPLIANCE.**

In addition to the daily fine set forth above, you are hereby ordered, pursuant to section 2-69(c) of the City of Lake Worth Code and chapter 162 of Florida Statutes, as may be amended, to pay prosecution costs to the City of Lake Worth in the amount of $____207.00. This amount is due and owing as of the date of this Order.

The Board further orders Michael M Phillips to make the property found to be in violation available for mandatory inspections as required in Section 2-69.4 of the City of Lake Worth Code on ___8/28/00___ and ___8/28/0?___ and pay the mandatory $150.00 inspection fee.

III. RECORDING OF ORDER

The Code Enforcement Board Secretary is hereby authorized to record a certified copy of this Order in the Public Records of Palm Beach County and any other Counties as necessary, and such Order shall constitute notice to any subsequent purchasers, successors in interest, or assigns if the violation(s) concern real property, and the findings herein shall be binding upon the violator(s) and, if the violation(s) concern real property, any subsequent purchasers, successors in interest, or assigns.

DONE AND ORDERED This 26th day of August 1999.

CODE ENFORCEMENT BOARD OF THE CITY OF LAKE WORTH

BY _____
CHAIRPERSON
7 North Dixie Highway
Lake Worth, FL 33460
(407) 586-1652

STATE OF FLORIDA    )
COUNTY OF PALM BEACH ) SS
CITY OF LAKE WORTH   )

I, Barbara A. Forsythe duly appointed and acting Clerk of the City of Lake Worth, Florida, hereby certify the foregoing to be a true and correct copy of ___the original document which is in my custody.___

In Witness whereof, I have here unto set my hand and affixed the official seal of the City of Lake Worth, Florida.

9/2/99     _____
Date       City Clerk

ATTEST: _____
Doris Kimberly, Board Secretary

I HEREBY CERTIFY that a true and correct copy of the above forgoing FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER has been furnished by U.S. Mail to Michael M Phillips, this 1st day of September, 1999.

_____
Doris Kimberly, Board Secretary
7 North Dixie Highway
Lake Worth, FL 33460
(561) 586-1652

- page 2 of 2 -

BUILDING, PLANNING & ZONING DEPT   **CITY OF LAKE WORTH, FLORIDA**
7 NORTH DIXIE HIGHWAY
LAKE WORTH, FL 33460   STATUTORY ORDER IMPOSING FINE/LIEN

Case No.  99N-00321
NAME AND ADDRESS OF SERVICE:                    Oct-01-1999 02:44pm 99-396747
                                                ORB 11378 Pg 406
    Michael N Phillips                          DOROTHY H. WILKEN, CLERK PB COUNTY, FL
    2290 Sunset Avenue    #4
    Lake Worth, FL  33461

IN REGARDS TO:

    1121 S Federal Hy
    Lake Worth, FL  33460-5243


    This matter was heard at a public hearing of the Code Enforcement
Board on  08/26/99, after due notice, at which time the Board heard
testimony under oath, received evidence, and issued its FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER, which was reduced to writing and previously
furnished to Michael N Phillips by mail on  9/1/99 .
    Said Order required you to take certain corrective action by a
specified date, as more specifically set forth in that order dated
  9/2/99 .
    An Affidavit of NON-COMPLIANCE dated   9/16/99 has been filed by
the Code Inspector, which Affidavit certifies under oath that the required
corrective action was not taken by the specified date as ordered.
    Accordingly, it having been brought to the Board's attention that
you have failed to comply by the date specified in said order, it is
hereby:
    ORDERED that Michael N Phillips pay to the City of Lake
Worth a FINE in the amount of $     150.00 per day for every
day in violation past 9/15/99, which is the compliance date set by
said Order, for the property known as:

    Lot 14, Block 48, ADDITION #1 TO THE TOWN OF LAKE WORTH, according to
    the Plat of THE PALM BEACH FARMS COMPANY PLAT NO. 4, recorded in the
    public records of Palm Beach County, Florida in Plat Book 5, Pages 6-9
    inclusive a/k/a 1121 South Federal Highway.

AND an ADMINISTRATIVE PROSECUTION cost of $ 207.00 along with a
fee of $150.00 for mandatory reinspections which have been assessed for
the above case.
    A certified copy of this Order will be recorded in the public records
of Palm Beach County, Florida, and shall thereafter constitute a lien
against the above-described property, and upon any other real or personal
property owned by the violator(s) pursuant to Sections 162.08 and 162.09
Florida Statutes, as may be amended and Section 2-69(d) of the Lake Worth
Code of Ordinances.
    DONE AND ORDERED this  15th  day of September 1999, at Lake Worth,
Palm Beach County, Florida.

STATE OF FLORIDA                        CITY OF LAKE WORTH CODE COMPLIANCE
COUNTY OF PALM BEACH    )SS
CITY OF LAKE WORTH                      By: _____
I, Barbara L Elsey, duly appointed and acting Deputy Clerk of   Chairperson, Code Enforcement Board
the City of Lake Worth, Florida, hereby certify the foregoing to   7 North Dixie Highway
be a true and correct copy of  the original document   Lake Worth, Fl 33460
which is  in my custody.                 (561) 586-1652

In Witness Whereof, I have hereunto set my hand and affixed the
official seal of the City of Lake Worth, Florida.   Attest: _____
9-29-99   _____          Secretary, Code Enforcement Board
Date          Deputy Clerk


        I hereby certify that a true and correct copy of the foregoing
Order has been furnished to Michael N Phillips, by U.S.
Mail this  29th  day of September, 1999.

EXHIBIT "B"



JUL 2 0 2005

CITY ATTORNEY

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA.

CASE NO. 501999 CA010548 AN

CHARLOTTE TAYLOR,

     Plaintiff,

v.

GREENPOINT MORTGAGE
CORPORATION, et al,

    Defendants.
_____/

### ORDER REVOKING AND RESCINDING ORDER DIRECTING CLERK TO DISBURSE SURPLUS FUNDS; DIRECTING PLAINTIFF NOT TO CASH SURPLUS FUNDS CHECK AND TO RETURN SUCH CHECK TO THE CLERK OR COURT; AND DIRECTING CLERK TO DISBURSE SURPLUS FUNDS TO THE CITY OF LAKE WORTH

    THIS MATTER came before the Court on July 13, 2005, on an evidentiary hearing upon Plaintiff, Charlotte Taylor's Motion For Entitlement to Surplus Funds, and the Court having heard testimony of the Plaintiff, Charlotte Taylor, Defendant, Michael Phillips, and of the City of Lake Worth, and having received documentary evidence from such parties, and having come before the Court upon the City of Lake Worth's oral Motion under Rule 1.540 (b) of the Florida Rules of Civil Procedure for Relief from the Order Directing Clerk To Disburse Surplus Funds, and the Court being otherwise fully advised in the premises, the Court makes the following findings:

    1.  The Order entered by the Court on June 16, 2005, directing the Clerk to disburse any remaining funds in the Court's registry to Charlotte Taylor was entered in error and was void in that the Order was entered without an evidentiary hearing and without any hearing or notice to the parties.

Exhibit



2.  The City of Lake Worth recorded in the public records certified copies of Code Enforcement Orders against Michael M. Phillips on September 7, 1999, and on October 1, 1999.

3.  The property that is the subject of this action was titled in the name of Michael Phillips on September 7, 1999.

4.  By virtue of the provisions of Section 162.09(3), <u>Florida Statutes,</u> the Code Enforcement Orders were liens against the subject property beginning with September 7, 1999.

5.  The Code Enforcement Orders remained in effect at the time of the hearing. The amount of the City of Lake Worth's liens as of April 1, 2005, was $303,600.00. These liens are unpaid and not satisfied.

6.  The claimed basis for Plaintiff, Charlotte Taylor's, lien on the subject property, a Final Judgment against Michael Phillips in the amount of $95,639.00 in Case No. 98-009461 AE in the Circuit Court for Palm Beach County, did not contain the address of Charlotte Taylor.

7.  Plaintiff, Charlotte Taylor, did not record an affidavit containing her address when she recorded a certified copy of the Final Judgment.

8.  Pursuant to the provisions of Section 55.10(1), <u>Florida Statutes</u>, the Final Judgment of the Plaintiff, Charlotte Taylor, did not become a lien upon the subject property. <u>See, Hott Interiors, Inc. v. Fostock</u>, 721 So.2d 1236 (Fla. 4th DCA 1998); <u>Dyer v. Beverly & Tittle, P.A.</u>, 777 So.2d 1055 (Fla. 4th DCA 2001).

9.  The City of Lake Worth has prior liens upon the subject property and is entitled to the surplus funds before the record owner of the property. <u>United States v. Sneed</u>, 620

2

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA.

CASE NO. 501999 CA010548 AN

CHARLOTTE TAYLOR,

     Plaintiff,

v.

GREENPOINT MORTGAGE
CORPORATION, et al,

    Defendants.
_____/



## ORDER ON CITY OF LAKE WORTH'S MOTION TO DIRECT CLERK AND COMPTROLLER TO RELEASE SURPLUS FUNDS

THIS CAUSE having come on to be heard on this 10th day of September, 2008, on City of Lake Worth's Motion to Direct Clerk and Comptroller to Release Surplus Funds and the Court having considered the record, having heard counsel, and being otherwise advised in the Premises,

IT IS HEREUPON,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby GRANTED.

The Clerk and Comptroller shall release surplus funds of $138,100.00 less any charges to the City of Lake Worth care of Larry A. Karns, City Attorney, at 7 North Dixie Highway, Lake Worth, Florida 33460.



Exhibit
D

NOT A CERTIFIED COPY

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County,

Florida, this _____ day of September, 2008.

SIGNED & DATED

SEP 1 2 2008

_____
Circuit Judge JUDGE EDWARD FINE

cc:   Larry A. Karns, Esq., 7 North Dixie Highway, Lake Worth, Florida 33460
      Charlotte Taylor, 1121 South Federal Highway, Lake Worth, Florida
      Michael Phillips, 7730 NW 50th St., Apt. 107, Lauderhill, Florida 33351
      Sharon R. Bock, Clerk and Comptroller, 301 North Olive Ave., West Palm
       Beach, FL 33401

NOT A CERTIFIED COPY

2